MINTER AND GAYLE *vs.* BR. BANK AT MOBILE.

1. A failure on the part of a creditor to present his claim to the administrator of the principal debtor within eighteen months after the grant of letters, does not discharge the sureties, nor affect his right to proceed against them.

2. When a letter is annexed as an exhibit to a bill, and prayed to be taken as part of it, its statements, if not in any manner qualified, thereby become the statements of the bill.

3. On a motion to set aside the sheriff's return on an execution, it is competent for the defendant in execution to show that the money had been paid, as the return showed, and had been tendered and refused, and by tendering it anew to avoid interest and any further issue of execution; and if he fails to do this, he cannot come into equity for relief, unless he explains the omission satisfactorily.

ERROR to the Chancery Court of Dallas.

Heard before the Hon. JAMES B. CLARK.

THE plaintiffs in error, William T. Minter and Matthew Gayle, filed their bill against the Branch Bank at Mobile, setting forth that the defendants had recovered a judgment against them, as the sureties of one Pritchard, on a note for $500, in 1842, in the Circuit Court of Mobile; that shortly after the rendition of the judgment, an execution was issued on it, which was placed in the hands of the sheriff of Dallas; but no money was collected under it; that another execution afterwards was issued in 1844, on which the money was paid in full by complainants, each paying one half; that said sheriff of Dallas soon afterwards made application to said Bank to pay over the money thus collected, and was told that the Bank had no such claim, whereupon Gayle's money was returned to him, and Minter's was paid over on another judgment which the Bank had against him; that affairs continued in this state until 1851, when another execution was issued against complainants on said judgment, for the amount of the original judgment and interest to date, which is about to be levied; that the Bank neglected to present the note on Pritchard to his administrator within eighteen months after the grant of letters on his estate, and thus lost all remedy against his estate, and it is insisted that com-

plainants, as sureties, are entitled to claim advantage of the Bank's laches. The bill prays an injunction against the execution, and general relief.

The complainants annex to their bill, and pray that it may be taken as a part thereof, a letter from Mr. Holcombe, the assistant commissioner of said Branch Bank, in which he says, among other things, that the sheriff's return on the execution in 1844, showing the payment, had been set aside upon a full hearing, in the Circuit Court of Mobile in 1848, and execution on said judgment ordered to proceed. The Chancellor dismissed the bill for want of equity, and his decree is now assigned for error.

GEO. W. GAYLE, for plaintiffs in error.

J. W. LAPSLEY, contra.

PHELAN, J.—There is nothing in the point that the Bank neglected to present the note on which the plaintiffs in error were sureties only against the estate of Pritchard, their principal, within eighteen months after the grant of letters on his estate, and so lost its remedy on him, and that they, as sureties, will be allowed to stand in the same position as their principal. The question is already settled to the contrary, in the case of McBroom v. The Governor, 6 Por. 32.

The bill, as to the demand for interest on the judgment from 1844, when the money, as it is alleged, was tendered to the Bank and refused, would, we incline to think, have equity in it, if this allegation were not deprived of its force by the adoption of the letter of Mr. Holcombe, the assistant commissioner, to the solicitors of the complainants, as part of the bill. The statements of this letter relating to the subject matter of the bill are thereby made the statements or averments of the bill, since they are not in any manner qualified, but simply annexed by way of exhibit, and prayed to be taken as part of the bill. This letter states directly, that the receipts of Connolly, the sheriff of Dallas, as for money received of Gayle and Minter in 1844 in full satisfaction of the execution, and endorsed upon it, were nullities, and were so pronounced, and the same, as a return of the sheriff, set aside by judgment of the Circuit Court of Mobile, after a full hearing in 1848; and that execution on the judgment was ordered to proceed.

This is equivalent to an admission in the bill that, in 1848, the return of the sheriff was, upon a full hearing, which implies of course due notice to the complainants, set aside, and the execution ordered to proceed. Such an admission, it must be seen at once, does away with the force of that part of the bill which alleges that the money had been paid, that the same was afterwards tendered and refused, and praying that no interest should be allowed from the time of the tender and refusal.

On the motion to set aside the return of the sheriff, it was competent for the defendants in the execution (the complainants in this bill) to have shown that the money had been paid, as the return showed, and had been tendered and refused, and by tendering it then anew, to avoid interest, and any further issue of execution. If this was not done or attempted, and the complainants have not explained the omission satisfactorily in their bill, the presumption exists that, as there was a lawful opportunity to submit that defence to the further issue of execution and the payment of interest, it was done, and the matter is *res adjudicata.*

Putting this construction upon the bill as a whole, and we see no way to avoid it, the decree of the Chancellor dismissing it for want of equity was proper.

We are, however, of opinion that the bill should be dismissed without prejudice. Let a decree be rendered here accordingly, at the cost of the plaintiffs in error.