OF THE STATE OF ARKANSAS. 163

TERM, 1861.]                    Ashby et al. vs. Johnston et al.

## ASHBY ET AL. VS. JOHNSTON ET AL.

The failure of the obligee in a bond to probate the claim against the estate of the deceased obligor, whereby the claim is barred by the statute of non-claim, does not discharge the sureties in the bond.

### *Appeal from Clark Circuit Court.*

Hon. LEN B. GREEN, Circuit Judge.

GARLAND & RANDOLPH, for the appellants.

We insist that the plea was good, and that the démurrer to it should have been overruled, and we base ourselves upon two plain propositions of law: first, that by reason of the facts stated in the plea the estate of Johnston was forever discharged from liability to the appellees on account of the cause of action stated in the declaration. *Sec* 99, *ch.* 4, *Gould's Dig.*; *Walker as ad. vs. Byers*, 14 *Ark.* 246; *Bennett et al. vs. Dawson*, 15 *Ark.* 412; and secondly, that a discharge of Johnston's estate was a discharge of the appellees also. *State Bank vs. Fowler et al.*, 21 *Ark.* —; *Rathbone vs. Warren*, 10 *Johns. R.* 587.

FLANAGIN, for appellees.

The mere delay to sue the principal, however long, does not, under the general statute of limitations discharge the surety. 13 *Miss. R.* 125; 5 *Cal. R.* 173; 3 *Cows.* 446; 4 *Eng.* 185; nor though the principal become insolvent, 14 *Miss.* 473; nor though the principal die, and the claim, for want of prosecution against his estate, become barred. 8 *Ala.* 948; 4 *Sm. & M.* 165; 7 *Ib.* 487.

Mr. Chief Justice ENGLISH delivered the opinion of the Court. This was an action on a guardian's bond.

The suit was brought by Albert G. and George W. Johnston, (survivors of Philip H. Johnston, deceased), for whose benefit the bond was executed, whilst they were minors, against John W. Ashby and Thomas A. Heard, the sureties in the bond, the principal, (Albert G. Johnston), and guardian of the plaintiffs, having departed this life before suit.

The defendants interposed a plea in bar, alleging, in substance, that after the accrual of the cause of action, the principal in the bond died, leaving a will, and his executors declining to qualify, letters of administration, with the will annexed, were granted by the probate court to one Singleton; and that the plaintiffs did not, at any time within two years after grant of letters, present their demand, properly authenticated, to the administrator for allowance, etc., whereby the demand against the estate was barred, and the defendants discharged.

A demurrer was sustained to the plea, the defendants rested, final judgment was given against them, an inquest of damages, and they appealed.

The appellants insist that the cause of action upon the bond against the principal being barred by the statute of non-claim, by reason of the failure of the plaintiffs to probate the claim against his estate, within the time prescribed by the statute, they, as sureties in the bond, are also discharged; and they rely on the case of *State Bank vs. Fowler et al., ante.*

But the case cited does not sustain the defence set up in the plea. There, on *scire facias* to revive a judgment, Fowler, the principal, was discharged, on plea of payment, and the Bank afterwards undertook to open the judgment, by bill in chancery, on the ground that the plea was false, and failing as to Fowler, and the judgment remaining in force as to him, this court held that Pike, the surety, was also discharged; that when the principal is discharged on a plea not personal to himself, as upon a plea of payment, etc., the surety was also discharged,

because, if he paid the debt, he had no remedy over against the principal.

But it is well settled that where, from mere omission of the obligee to probate the claim in time, the cause of action is barred against the estate of the principal, in the hands of his executor or administrator, by the statute of non-claim, this of itself, does not discharge the sureties in the bond, the statute being, in its nature, but a statute of limitation. See *Johnson vs. Planters Bank*, 4 *Sm. & M.* 171; *Cohen et al. vs. Com. of S. F.* 7 *Ib.* 441; *Marshall vs. Hudson*, 9 *Yerg.* 63; *McBroom et al. vs. The Governor*, 6 *Porter* 33; *Cawthorn vs. Weisinger*, 6 *Ala.* 716.

The appellants might have paid the demand, and caused the claim to be allowed against the estate of the principal in their favor, or they might have compelled the appellees to probate the claim, within the time prescribed by the statute. *Ib.*

It has been held that where sureties are compelled to pay the debt for the principal after the administration upon his estate has been closed, they have the right to subject his estate in the hands of his legatees or distributees to the satisfaction of the amount paid by them. But this question is not before us now.

The judgment must be affirmed.