# 𝔯𝔦𝔠𝔥𝔪𝔬𝔫𝔡.

HARPER'S ADM'R v. McVEIGH'S ADM'R AND ALS.

JANUARY 13th, 1887.

Absent, LEWIS, P.

1. PRINCIPAL AND SURETY—*Joint bond.*—All obligors in a joint bond are presumed to be principals, except such as have the word "security" opposite their names.
2. IDEM—*Remedy of surety.*—Where stranger pays principal's debt, and surety reimburses him, surety becomes entitled to recover the amount from principal.
3. EVIDENCE—*Competency.*—In suit by a surety's administrator against his principals and a co-surety for reimbursement, the co-surety is an incompetent witness, and a letter from him and certain extracts from private books, are hearsay and inadmissible.
4. CHANCERY PRACTICE—*Suit for reimbursement—Case at bar.*—Land of surety having been sold in his lifetime sufficient to pay judgment against his principals and himself. Part of proceeds was paid to subsequent lienors. The deficiency was supplied by a sale of his land made after his death, proceeds whereof belonged to those lienors—

HELD :
   Administrator of surety is entitled to sue his principals for reimbursement, under the facts of this case.
5. IDEM—*Commissioners— Vouchers.*—Unless requested by a party in interest, a commissioner in chancery is not obliged to return with his report the evidence upon which it is based.
6. STATUTE OF LIMITATIONS—*Surety's reimbursement.*—Surety's claim on principal arises on actual payment of the joint obligation.

Appeal from decree of circuit court of Loudoun county, entered April 27, 1883, in the cause in which Wm. F. Barrett, sheriff administrator of Townsend McVeigh, is plaintiff, and Wm. N. McVeigh, W. W. Harper's administrator *c. t. a.* of W. A.

Harper, deceased, and others, are defendants. The decree was adverse to the estate of W. A. Harper, and his administrator obtained an appeal and *supersedeas.* The firm of McVeigh, Bros. & Co. was composed of W. N. McVeigh, J. H. McVeigh, W. A. Harper and J. L. Chamberlain; the same persons, except W. N. McVeigh, Harper & Chamberlain. Townsend McVeigh was not a member of either firm.

Opinion states the case.

*R. H. Lee* and *Ed. Nichols,* for the appellant.

*J. M. Johnston, Christian & Christian, S. F. Beach* and *L. H. Powell,* for the appellees.

HINTON, J., delivered the opinion of the court.

The record in this case shows that in 1871 F. M. Young, as executor of William Rawlings, filed his bill in the circuit court of Loudoun county to enforce the lien of a judgment, obtained in 1867, against J. H. McVeigh, W. A. Harper, James L. Chamberlain, William N. McVeigh, and Townsend McVeigh. The bond on which this judgment was obtained is in the words and figures following:

$2,000.   "On demand, we promise and oblige ourselves, our heirs, administrators, etc., to pay to William Rawlings, his heirs or assigns, the just and full sum of two thousand dollars, lawful money of Virginia, with legal interest thereon till paid, said interest to be paid semi-annually, for value received of him.

"As witness our hands and seals this twenty-third day of April, 1855.

|  |  |  |
|---|---|---|
|  | "JAMES H. McVEIGH. | [Seal.] |
|  | "W. A. HARPER, | [Seal.] |
|  | "JAMES L. CHAMBERLAIN. | [Seal.] |
| "[Security,] | "WILLIAM N. McVEIGH. | [Seal.] |
| "[Security,] | "TOWNSEND McVEIGH." | [Seal.] |

The bond is credited by interest paid to July 23, 1860, and by $1,046, paid as of December 12, 1860. On this judgment, two executions issued—one to the sergeant of Alexandria, and the other to the sheriff of Loudoun—and both of them were returned, "no property." The bill averred that the complainant, Rawlings' executor, knew of no lands belonging to any of the defendants, except Townsend McVeigh, and prayed that the lien of his judgment might be enforced against those lands. The court so decreed, and real estate *sufficient* for the payment of this judgment was sold in the lifetime of Townsend McVeigh. Afterwards, in 1875, the Bank of the Old Dominion, which had in the mean while obtained a judgment against Townsend McVeigh, became a party to the suit by petition, and in 1881 the Bank of the Old Dominion and Rawlings' executor filed an amended and supplemental bill, in which they aver, among other things, that the lands of Townsend McVeigh were not sufficient for the payment of his debts; that in the judgment in favor of Rawlings' executor, Townsend McVeigh was but a surety; and they prayed that W. A. Harper's administrator may be required to repay to the creditors of Townsend McVeigh the amounts paid on that judgment, for which, as they allege, the said Harper was primarily liable. To this bill Harper's administrator and William N. McVeigh demurred, on the ground that the bill asserted against them rights of subrogation and contribution, which were personal rights, and could only be asserted in the name of Townsend McVeigh's personal representative. The court sustained the demurrer and dismissed the bill as to William N. McVeigh and W. A. Harper's administrator, but without prejudice to the right of Townsend McVeigh's administrator to institute proper proceedings against them. Whereupon William F. Barrett, sheriff, administrator of Townsend McVeigh, filed his bill against J. H. McVeigh, W. A. Harper's adminis-

trator, and James L. Chamberlain, as principals, and William N. McVeigh, as co-security, to enforce the rights arising from the payment of said judgment out of the estate of Townsend McVeigh.

On the twenty-seventh day of April, 1883, the court rendered its decree, in which, after holding that W. A. Harper, James H. McVeigh, and James L. Chamberlain were principals, and William N. McVeigh and Townsend McVeigh were sureties, in the debt in the bill and proceedings mentioned, and that said debt was not covered by the contract of indemnity filed with the answer of Harper's administrator, hereafter to be more particularly referred to, decreed against James H. McVeigh, James L. Chamberlain, and W. A. Harper's administrator for the amount of the judgment hereinbefore mentioned. From this decree Harper's administrator has taken this appeal.

The first assignment of error is that the circuit court erred in decreeing that W. A. Harper, James H. McVeigh, and James L. Chamberlain are principals in the debt, in the bill and proceedings mentioned, with W. N. McVeigh and Townsend McVeigh as sureties, and that the said debt is not covered by the bond of indemnity filed with answer of W. A. Harper's administrator; but this contention cannot be supported. The bond is joint, and all the subscribers thereto are presumably principals except those which have the word "security" before their names; and this view is confirmed by the deposition of Maj. B. P. Newland, which shows, not only that Harper did not deny, but in effect admitted, that he was one of the principals in the debt, and only claimed that he was released from liability by the bond of indemnity mentioned above. It is true that certain extracts from the books of McVeigh & Chamberlain, and McVeigh, Harper & Chamberlain, and a deposition and letter of W. N. McVeigh, were offered as evidence

tending to establish the contrary view; but it is plain that neither these extracts nor the deposition nor letter were admissible as evidence for that purpose. Townsend McVeigh, one of the parties to the bond, being dead, W. N. McVeigh was clearly an incompetent witness; and the extracts and letters certainly so far as Townsend McVeigh is concerned, must be, regarded as hearsay. This evidence was all excepted to, and, indeed, as to the exception to the deposition of W. N. McVeigh, it, as the decree shows, was brought to the attention of the court, and, while no order was made suppressing it, as might properly have been done, it is altogether probable that this deposition was not regarded by the court below in its consideration of the case; and as to the extracts and letters, their character as evidence is not changed by the failure to except; and they still have only the weight of hearsay. It is, however, earnestly insisted that, admitting that Harper was a principal on the bond, that he was nevertheless released from all liability by the before-mentioned *bond of indemnity*, executed to him by William N. and J. H. McVeigh, on the seventh of July, 1859. This contention, however, is also unfounded. The agreement of W. N. and James H. McVeigh is "to save Harper harmless from all losses, costs, and damages by reason of any claims against the partnerships" of McVeigh Bros. & Co., and McVeigh, Harper & Chamberlain, or either of them. Now, without undertaking to review the testimony, *or to* indulge in fruitless speculations on this point, it seems to us clear that neither of these firms got the benefit of this money. The firm of McVeigh Bros. & Co. went out of existence as early as July 12th, 1851, and the firm of McVeigh, Harper & Chamberlain was dissolved February 1st, 1853. And as to the pecuniary condition of the last-mentioned firm, it, at least, seems to have been good during the whole period of its existence. These facts, taken in connection with the further facts that the bond

was not given until more than two years after the last-mentioned firm had ceased to exist, and that interest on the bond was payable semi-annually, completely, in our judgment, negative the idea that it was a debt of either firm.  It is highly improbable that either of these dissolved firms should have needed this money, and, in the absence of stronger evidence than the record furnishes, we must so hold.

Another assignment of error is that the court erred in the amount decreed to the appellee, Townsend McVeigh's administrator.  It is insisted that the amount decreed him should not have included the $513 paid by Isaac G. Budd to Rawlings' executor on the debt in question.  There seems, however, to be no ground for this objection; for, while this amount of $513 was paid by Budd in the first instance, as the record shows, Townsend McVeigh afterwards repaid the sum to Budd, and so became entitled to recover that amount also, from the principals in the bond as a part of the debt paid for them.

The next objection is that, although the whole of this debt was paid out of the estate of Townsend McVeigh, yet that, as it was not all paid out of the proceeds of the land sold in his lifetime, no recovery can be had by Townsend McVeigh's administrator.  Now, without stopping to comment upon the seeming inconsistency of the appellant in making this objection, after he had demurred to the amended bill, filed in the cause of *Rawlings' ex'ors* v. *McVeigh*, on the ground that there was no right of action in anybody but Townsend McVeigh's administrator, it is sufficient answer to say that, as Townsend McVeigh's estate is confessedly insolvent, his heirs can have no possible interest in this recovery, and that, as the claim when realized will be assets for the payment of debts, the right of action is properly in the personal representative of Townsend McVeigh, and no one else.  But were this not so, the objection must still be regarded as not well taken.  As hereto-

fore stated in this opinion, enough land belonging to Town-
send McVeigh was sold in his lifetime to pay this judgment,
and if it was not paid out of the proceeds of the land so sold,
it was only because part of the money which ought to have
gone to Rawlings' administrator was by mistake paid to sub-
sequent lienors.   These lienors might have been required to
refund, but it was simpler, and amounted in the end to the
same thing, to permit Young, executor of Rawlings, to take
the balance due him from the proceeds of the Haxall sale,
which belonged to these subsequent lienors.   And this circum-
stance cannot affect the right of the appellee to recover such
balance in this cause, for equity looks upon that as done which
ought to be done, and will permit the appellee to recover such
balance as if it had been refunded by the subsequent lienors,
or been collected in the first instance out of the proceeds of
the sale of land sold in the lifetime of Townsend McVeigh.

It is next argued that the court erred in decreeing in favor
of McVeigh's administrator when he was largely indebted to
the principals in the bond.   This is not the case; for while
the record shows that such indebtedness was claimed on one
side, it is denied on the other, and there are no proofs sufficient
to establish such indebtedness.

It is also argued that the court has treated James H. Mc-
Veigh and James L. Chamberlain as insolvent, without proof
in the record of the fact.   This is founded upon the assump-
tion that the commissioner was obliged to return the evidence
of insolvency along with his report.   Such, however, is not
the case.   He did all that was necessary, in the absence of a
special request to report the evidence, when he reported the
fact of their insolvency.   Code, chap. 128, sec. 27.

The last assignment of error is that the appellee's right to
subrogation was barred by the statute of limitations.   This
objection is also unfounded.   Subrogation arises in every case

where one party pays a debt for which another is primarily answerable, and which that other ought in equity and good conscience to have discharged.    It arises upon the payment of the debt, and in this case the record shows that the debt was not paid out of the sureties' estate until 1878, about three years before the bill was filed for subrogation.

In any and every view we take of the case, the decree of the circuit court of Loudoun county appears to be right, and it must therefore be affirmed.

DECREE AFFIRMED.