### WILLIAM CHARBONNEAU v. WILLIAM BOUVET ET AL.

#### No. 1345.   Decided October 20, 1904.

**Surety—Limitation.**

A claim against the estate of a surety upon a note (not barred as against such surety because of the suspension of limitation by his death) was not released by the fact that it was barred by limitation as to the principal when presented for allowance against the surety's estate. Willis v. Chowning, 90 Texas, 617, followed. (Pp. 168, 169.)

Error to the Court of Civil Appeals for the Second District, in an appeal from Tarrant County.

Charbonneau appealed from a judgment of the District Court, on appeal from the County Court rejecting his claim against the estate of Bouvet on a note, and on affirmance obtained writ of error.

*Jas. C. Scott,* for plaintiff in error.—John Bouvet was a principal on the note and it was not necessary that he should have received a benefit in the contract, but an injury to the promisee is a sufficient consideration. First, he was a principal: Ritter v. Hamilton, 4 Texas, 325; Ennis v. Crump, 6 Texas, 85; Brandt on Surety, sec. 41. Second, as to consideration: Bason v. Hughart, 2 Texas, 476; Brandenstein v. Ebenberger, 71 Texas, 267; Townsley v. Sumrall, 2 Pet., 182.

The estate of John Bouvet is liable on the note in suit, and it was not barred by the statute of limitation. Rev. Stats., art. 3369; Low v. Felton, 84 Texas, 382; Groesbeck v. Crow, 91 Texas, 74.

John Bouvet was a principal contractor on the note towards appellant, even though his relationship to Felix Bouvet may be that of

surety for him. White & W. Civ. Cases, secs. 867, 868; Stroop v. McKenzie, 38 Texas, 132; Daniel on Neg. Inst., secs. 183, 185; Tiedeman on Com. Paper, sec, 422.

Even though it should be considered that John Bouvet was a surety, yet a mere forbearance to sue would not release him unless he had given the statutory notice to appellant to sue Felix, especially so where the other maker of the note is insolvent. On forbearance: Russell v. Miller, 40 Texas, 501; Daniel on Neg. Inst., secs. 1315, 1326; Tiedeman on Com. Paper, sec. 175. On insolvency: Rev. Stats., art. 1204; Stroop v. McKenzie, 38 Texas, 133.·

Suit can be maintained against one obligor on a note while another may escape by limitation. Wofford v. Unger, 55 Texas, 480; Davis, Admr., v. Auxier, 41 S. W. Rep., 767; Harrison v. McCormick, 122 Cal., 651; Emory v. Keighan, 94 Ill., 543; Peaslee v. Brood, 10 N. H., 489.

*J. W. Burney* and *Chas. T. Rowland,* for defendant in error.—That which releases the principal releases the surety. It is contended that John Bouvet was a principal on the note, and the authorities cited by appellant are correct propositions of law when applied to a different state of facts; but taken in the light of the statement of facts, he can not be considered anything else than a surety. And being a surety he has been released by the laches of the appellant in not forcing the collection of the note by suit, which he could have done during the lifetime of John Bouvet. Daniel v. Harvin, 10 Texas Civ. App., 439; Brandt on Suretyship, arts. 121-126; Daniel on Neg. Inst., 1314-1326.

, WILLIAMS, ASSOCIATE JUSTICE.—Felix Bouvet and John Bouvet, for a debt of the former, executed to William Charbonneau their joint note which is the subject of this controversy. John Bouvet died and Manchester was appointed and qualified as his administrator, to whom Charbonneau duly presented the note, with a small credit upon it, for allowance as a claim against the estate. The claim was allowed by the administrator, but, upon its presentation to the probate court for approval, William Bouvet, one of the heirs of John Bouvet, appeared and objected to the approval upon the ground, among others, that John Bouvet was only the surety of Felix Bouvet, and that the holder of the note had allowed it to become barred by limitation as against Felix, whereby, it was contended, the estate of John was released. This defense was sustained in the county court, in the district court to which the case was carried by certiorari, and in the Court of Civil Appeals. From the judgment of the latter court this writ of error is prosecuted. The proceeding being a "probate matter" this court has jurisdiction. Rev. Stats., arts. 940, 996, subdiv. 1.

The facts make it appear that when the claim was presented to the administrator it was barred by limitation in favor of Felix Bouvet, but, on account of the suspension of limitation consequent upon the death

of John Bouvet, was not barred in favor of his estate. The question therefore is, did the fact of limitation in favor of Felix Bouvet, ipso facto, discharge the estate?

There are authorities which maintain the affirmative of this question, but they were reviewed in Willis v. Chowning, 90 Texas, 617, and rejected as unsound. Associate Justice Brown, delivering the opinion of this court, stated this doctrine: "Although the debt may be barred by limitation as against the principal, yet judgment may be entered against the surety, if he be liable thereon—in cases where suit may be maintained against the surety without joining the principal—and if the surety pay the debt which is at the time barred by limitation against the principal, but is a valid obligation against the surety, such surety may recover against the principal, or against his estate in case of his death." This language clearly embraces this case. The question whether or not the same rule should also apply in cases where the principal and surety must be sued jointly was not involved in Willis v. Chowning, nor is it involved here, for the plaintiff in this case plainly had the right to establish his debt as a claim against the estate of the dead surety through the probate court and could not join therein the living principal. There is no conflict between the decision in Willis v. Chowning and others, such as Washington Life Ins. Co. v. Gooding, 49 S. W. Rep., 126, holding that a collateral security pledged to secure a debt is released when the debt is barred. The security in such cases is only an incident of the debt and falls with it. But in cases like this there is the promise, not only of the principal, but that of the surety; and the former may be barred when the latter is not. The statute of limitation does not release or extinguish the debt, even of the principal, and hence the general rule that a release or discharge of the principal discharges the surety is not applicable. The statute bars the creditor's remedy against the principal but not against the surety, unless it has operated on his promise also; nor does it affect the surety's remedy against the principal after the former has paid the debt. Willis v. Chowning, supra.

The judgment below will therefore be reversed and judgment will be here rendered approving the claim of the plaintiff in error for the amount of the note less the credit indorsed.

*Reversed and rendered.*