### WEEMS et al. v. CARTER et al.

Circuit Court of Appeals, Fourth Circuit. January 14, 1929.

No. 2743.

D. O. Dechert, of Harrisonburg, Va. (Donald L. Weems, of Winchester, Va., on the brief), for appellants.

T. W. Harrison and R. Gray Williams, both of Winchester, Va. (George H. Lamar, of Washington, D. C., and Harrison & Harrison, of Winchester, Va., on the brief), for appellees.

Before PARKER and NORTHCOTT, Circuit Judges, and COLEMAN, District Judge.

NORTHCOTT, Circuit Judge. In the years 1921 and 1922, Cuatotolapam Sugar Company executed three negotiable notes, two for $10,000 each, and one for $7,500. One of the $10,000 notes was payable to Berkeley Woolen Company, and the other two notes were payable to Virginia Woolen Company. Payments were made on these notes until the total was reduced to $17,500. One of the appellees, Shirley Carter, a resident of Virginia, acquired all of the notes from the payees.

Contemporaneously with the execution of said notes, appellants, who were plaintiffs below, and who will here be referred to as plaintiffs, with others, whose interests have been assigned to plaintiffs, assigned and delivered to the payees of said notes, as collateral security therefor, certain bonds and stocks. Of this collateral one Liberty bond for $1,000 is the property of plaintiff Emily E. Weems, $4,000 in Liberty bonds is the property of plaintiff C. W. Weems, and the residue of said collateral is the property of plaintiff Mrs. Courtenay W. Weems.

All of the notes became barred by the Virginia Statute of Limitations (Code Va. 1924, § 5810) and on December 9, 1927, one of the appellees, W. G. Hardy, cashier of the Shenandoah Valley National Bank of Winchester, Va., named in the assignment of collaterals as attorney in fact of the depositors thereof, with authority to sell the same in default of the payment of said notes at their maturity, gave notice that he would, on December 23, 1927, pursuant to a request from said Carter, proceed to sell said collateral for the satisfaction of said balance due on said notes.

Plaintiffs then brought this suit in equity in the District Court of the United States for the Western District of Virginia, praying that the proposed sale of said collateral be enjoined, and that Carter be required to restore same to the possession of the plaintiffs.

The bill alleged that the maker of the notes, the sugar company, was at that time insolvent and in the hands of a receiver, appointed in the Republic of Mexico.

Motion was made to dismiss the bill, and it was urged that the Statute of Limitations was a personal right that could only be pleaded by the maker of the notes, and that though the statute might have run as against the maker, the right of the holder of the notes, as to the collateral, was in no way affected.

The court below sustained the motion to dismiss as to plaintiff Emily E. Weems for lack of jurisdictional amount, and as to the remaining plaintiffs, on the merits, from which action this appeal was brought.

The plaintiffs are third persons who have pledged their property to secure the debt of another, a debt for which they are in no way personally liable. They are asking the relief of a court of equity because the Statute of Limitations has run against the debt. In order to enforce his remedy against the collateral in his hands, the creditor does not ask or need the aid of a court. The question to be considered is whether the running of the Statute of Limitations in favor of a principal extinguishes the right of the creditor to proceed, as agreed, against the collateral. On this question there is some conflict of authority, but we agree with the learned judge below when he says that both "the weight of authority and the better reason lead to the conclusion that the running of the Statute of Limitation in favor of the principal, does not extinguish the obligation of a surety on a promissory note in whose favor limitation has not run."

Though a debt has been declared barred in an action on it, yet the security is unaffected. Brent v. Bank of Washington, 10 Pet. 596, 9 L. Ed. 547; Gage v. Riverside Trust Co. (C. C.) 86 F. 984; 2 Williston on Contracts, § 1231; Johnson v. Planters' Bank, 4 Smedes & M. (Miss.) 165, 43 Am. Dec. 480, 481, 482; Minter v. Branch Bank of Mobile, 23 Ala. 762, 58 Am. Dec. 315; Ashby v. Johnston, 23 Ark. 163, 79 Am. Dec. 102; Bull v. Coe, 77 Cal. 54, 18 P. 808, 11 Am. St. Rep. 235, 239; Willis v. Chowning, 90 Tex. 617, 40 S. W. 395, 59 Am. St. Rep. 842, 845, 846; Darby v. Berney Nat. Bank, 97 Ala. 643, 11 So. 881, 882; Johnson v. Success Brick Mach. Co., 104 Miss. 217, 61 So. 178, 179, 62 So. 4; Charbonneau v. Bouvet, 98 Tex. 167, 82 S. W. 460, 461; Eickhoff v. Eikenbary, 52 Neb. 332, 72 N. W. 309, 310.

That this is the holding of the Virginia

Courts seems clear. "At law, the creditor rests under no obligation to look to the principal or to his property, or to exhaust his remedies against him before resorting to the surety. He may collect his debt out of either, and, where judgment has been recovered against both, though it may be barred as to the principal, it is not for that reason merely barred as to the surety. No length of time short of the period prescribed by the Act of limitations will bar the right of the creditor to enforce his judgment against the surety, or his estate. The judgment must be barred as to the surety himself, to produce that result." Manson & Shell v. Rawlings, 112 Va. 384, 71 S. E. 564. See, also, Smith v. W. C. V. M., etc., R. R. Co., 33 Grat. (Va.) 617; Wright v. Stockton, 5 Leigh (Va.) 153; Va. Hot Springs Co. v. McCray, 106 Va. 461, 56 S. E. 216, 10 L. R. A. (N. S.) 465, 10 Ann. Cas. 179.

The distinction drawn by the great weight of authority is that the running of the Statute of Limitations extinguishes the remedy, but not the right of the creditor.

State decisions and laws in regard to Statute of Limitations and rules of property govern the federal courts. Balkam v. Woodstock Iron Co., 154 U. S. 177, 14 S. Ct. 1010, 38 L. Ed. 953.

Under the Virginia Code (sections 2980, 2981), the surety may require the creditor to sue, and if he neglects to do so within a reasonable time, the surety is absolved from all liability. This the plaintiffs did not do, probably because they knew that such action would have availed nothing; the sugar company being insolvent and in the hands of a receiver in Mexico. To have sued would have been futile.

"The statute only begins to run against the surety from date of payment." 21 R. C. L. 1122; Kendrick v. Forney, 22 Grat. (Va.) 748; Harper v. McVeigh, 82 Va. 751, 1 S. E. 193.

It is aptly said on behalf of the appellees "that the statute of limitations is oftentimes a shield, but never a sword."

"The statute of limitations is available only as a defense and never as a cause of action." Talbott v. Hill, 261 F. 244, 49 App. D. C. 96.

The plaintiffs have alleged no cause of action either legal or equitable, and have made no case that demands the intervention of a court of equity.

The amount in controversy between one of the plaintiffs, Emily E. Weems, and the appellees, is admitted to be only the value of one Liberty bond of about $1,000, and the court below properly dismissed the bill as to her, for want of jurisdiction. Clay v. Field, 138 U. S. 464, 11 S. Ct. 419, 34 L. Ed. 1044.

There was no error in the decree of the court below, and it is accordingly affirmed.