**WOOTTON v. CLARK–HARWELL–OWEN, Inc., et al.**

No. 3643.

Court of Civil Appeals of Texas. El Paso.

Oct. 21, 1937.

R. D. Blaydes, of Fort Stockton, for appellant.

T. M. Milam, of Fort Stockton, for appellees.

NEALON, Chief Justice.

E. B. Wootton, successor of Will A. Martin, as receiver of the First National Bank of Fort Stockton, is appellant. His predecessor, Will A. Martin, brought suit against appellees Clark-Harwell-Owen, Inc., a corporation, Walter Harwell, Ben A. Owen, and B. D. Clark, upon a promissory note for $2,000, dated June 11, 1931, payable to said bank six months after its date. Suit was filed March 13, 1937. Unless for some reason the running of the statute of limitations was arrested, suit was barred under the provisions of the four-year statute.

The note begins with the words "I, we, or either of us, promise to pay." It was signed,

> Clark-Harwell-Owen, Inc.,
> Walter Harwell, Pres.
> Ben A. Owen, Vice-Pres.
> B. D. Clark, Sec. Treas.

Upon the reverse side there appeared the signatures of Harwell, Owen, and Clark (with no official titles appended), as well as four credits of $100 each. Plaintiff alleged that each of the last three named defendants was primarily liable.

It was alleged and proved that B. D. Clark, after signing the note, left the state and was absent two and one-half years.

To toll the statute of limitations as against the defendants other than Clark, plaintiff relied upon estoppel resulting from alleged oral promises to pay made to receiver Martin, and his predecessor in the office of receiver, by defendants Owen and Harwell—it being alleged that the receiver

relied upon said promises, and but for said promises and for a promise to submit an offer of compromise would have filed suit before the note was barred. He did not allege that any of the promises were made in bad faith.

By exception and answer, defendants urged the four-year statute of limitations (Vernon's Ann.Civ.St. art. 5527); and defendant Clark pleaded specially that he signed only as indorser.

When asked why he did not earlier file suit, Mr. Martin said,

"Mr. Harwell had made it plain to me that the business at Fort Stockton was not, according to his idea, making any money and went so far as to tell me it was possible that any payment that was made might have to be made by him, and the reason I didn't file suit I thought the note would be paid, and I thought if I did file suit it might hurt them with the wholesale people, and the main reason I didn't file suit then was because I felt from the conversations I had with them that the note would be paid."

"Q. Did you rely on the promises they had made about making these payments? A. Yes, and if I had not felt that way about it, figuring the possibilities were favorable for making collection through suit."

As to the capacity in which the defendants other than the corporation signed the note, Mr. Clark testified that he signed for the corporation as its secretary-treasurer and not for himself, and that the others also signed and indorsed as officers only. Mr. Owen testified that he believed the bank required them to "sign it (the note) on the back" at the time it was made.

The case was tried to the court, which filed findings of fact to the effect that the note was executed by the corporation and indorsed by the other defendants, and that it had never been extended or renewed by any agreement, oral or written. Judgment was accordingly rendered for defendants, from which an appeal to this court was perfected.

## Opinion.

■ The trial court's finding of fact that no agreement as to extension of payment had been entered into finds support in the evidence. What passed between Martin's predecessor and the parties is not shown; but it is doubtful if Mr. Martin's testimony when construed most favorably to appellant would warrant a finding that an agreement of extension had been made, so as to bring it within the rule reaffirmed in Zuehlke v. Irvin (Tex.Civ.App.) 32 S.W.(2d) 868; McNeill v. Simpson (Tex.Com.App.) 39 S.W.(2d) 835. There can be no recovery as against the corporation or defendants Harwell and Owen, or either of them.

Appellant insists, however, that his cause of action against defendant Clark is not barred because of Clark's absence from the state for two and a half years during the period that elapsed subsequent to the making of the note. Clark placed his signature upon the back of the note at the time that it was made. Appellant insists that Clark was primarily liable on the note. Charbonneau v. Bouvet, 98 Tex. 167, 82 S.W. 460, 461, is cited in support of this conclusion. The exact terms of the note involved in that case are not given. A claim was allowed by the administrator of the estate of John Bouvet, but upon objection by an heir it was disapproved by the probate court upon the ground that though the statute of limitations had been tolled as to John Bouvet's debts generally by his death, yet as the claim declared upon was barred as against Felix Bouvet, the statute was not tolled as to said claim. This defense was sustained in the district court and in the Court of Civil Appeals. The Supreme Court held the administrator, as such, liable, upon the authority of Willis v. Chowning, 90 Tex. 617, 40 S.W. 395, 59 Am.St.Rep. 842, quoting from the opinion in said case the following language of Associate Justice Brown: "Although the debt may be barred by limitation as against the principal, yet judgment may be entered against the surety, if he be liable thereon—in cases where suit may be maintained against the surety without joining the principal—and if the surety pay the debt which is at the time barred by limitation against the principal, but is a valid obligation against the surety, such surety may recover against the principal, or against his estate in case of his death."

It is to be observed that Judge Brown limited the application of this rule to cases where suit may be maintained against the surety without joining the principal.

■ Though a different rule prevailed prior to the adoption of the Negotiable Instrument Law in 1919, it is now the law (article 5936, § 63) that a person who, at the time of the making of an instrument, places his signature thereon otherwise than as maker, drawer, or acceptor is deemed

to be an indorser unless he clearly indicates by appropriate words his intention to be bound in some other capacity. By section 192, incorporated into article 5948, R.C.S. 1925, it is provided that "The person 'primarily' liable on an instrument is the person who by the terms of the instrument is absolutely required to pay the same. All other parties are 'secondarily' liable."

Therefore, under the terms of the Negotiable Instruments Act, Mr. Clark was secondarily liable. We are then confronted with the prohibition of article 1986, R.C.S. 1925, to the effect that "no judgment shall be rendered against a party not primarily liable on such bill or other contract, unless judgment be also rendered against such acceptor or other principal obligor, except where the plaintiff may discontinue his suit against such principal obligor" as thereafter provided. None of the exceptions "thereafter provided" apply in this case. It follows that the judgment of the court as to the nonliability of Mr. Clark was correct.

Judgment is affirmed.