David J. WALLACE, d/b/a Dave Wallace
& Co., Appellant,

v.

PETROLEUM ENGINEERING & TOOL CO.
OF HOUSTON et al., Appellees.

No. 13783.

Court of Civil Appeals of Texas.

Houston.

Sept. 7, 1961.

W. A. MacNaughton, Houston, for appellant.

Clyde W. Woody and John J. Browne, Houston, for appellees.

COLEMAN, Justice.

This is a suit for debt. The court, after trial without a jury, entered judgment for a portion of the debt. David J. Wallace, plaintiff in the trial court, appeals.

Plaintiff brought suit on a sworn account and quantum meruit. The account was sworn to by plaintiff's attorney on information and belief and therefore was insufficient as proof of the items listed and their values. Plaintiff introduced testimony concerning the repairs made and the parts furnished and their reasonable values. There was sufficient evidence to warrant the implied finding of the trial court that the repairs were authorized by H. P. Tremain, a duly authorized agent of the defendants. Plaintiff sued for the sum of $2,218.64. The court rendered judgment for $418.64. Plaintiff testified that the reasonable value of the engine installed was $1,800, and that item was included in the account on which this suit was based.

By his first two Points plaintiff asserts that the trial court erred in failing to render judgment in his favor for the entire amount of the questioned account. Plaintiff's witness, Wesley N. Kelly, testified that the engine which he installed in the plane was procured from Precision Aeromotive Corp. and furnished to him by H. P. Tremain. Plaintiff testified that the engine was furnished by Precision Aeromotive Corp. The trial court sustained an objec-

tion to a question put to plaintiff inquiring as to whether he paid Precision Aeromotive Corp. for the engine, and there was no further testimony on that point. There was testimony that the agent, H. P. Tremain, was authorized to contract for relatively minor repairs, but not major repairs. There was no testimony that the installation of a rebuilt engine was reasonably necessary to properly repair the plane or that it increased its value. Here the trial court performed the function of the jury and necessarily passed on the credibility of the witnesses. The evidence was not such as required him to find in favor of plaintiff for the entire account.

■ Plaintiff complains of the action of the trial court in refusing to re-open the trial or grant a new trial in order that he could obtain the testimony of certain witnesses. One of the witnesses, Phelps M. Lane, appears to have been in the county of trial at a place known to plaintiff throughout the trial. It further appears that plaintiff's attorney knew generally the testimony Lane would have given. No attempt was made to subpoena him, apparently because it would have interfered with the witness' business if he had been required to attend court. No motion for continuance or delay appears to have been made.

In his motion for new trial plaintiff alleges that he has discovered the whereabouts of H. P. Tremain and that he had been unable to contact him prior to the trial. There were no allegations concerning the diligence plaintiff used in seeking to find him during the year the suit had been on file prior to trial. The trial began on the 28th day of July, 1960 and judgment was rendered on the 26th day of September, 1960. The motion for new trial was filed on the 27th day of September, 1960. On the 23rd day of August, 1960 plaintiff filed what he called a motion for new trial prior to entry of judgment, in which he stated that he had located H. P. Tremain. No motion to re-open testimony appears to

have been made. Plaintiff does not contend that he did not know that the testimony of Tremain would be material prior to trial.

Plaintiff alleges that the third witness named in his motion for new trial, Carl D. Ettinger, would testify to facts contradicting the testimony given by defendant, Charles B. Jahn, concerning the ownership of the aircraft in dispute. The testimony of Ettinger, set out in an affidavit attached to the motion for new trial, did not concern matters material to the decision of the case.

McDonald, Texas Civil Practice, Vol. 4, § 18.16, says:

"A request for a new trial based upon newly discovered evidence must be supported by affidavits * * *; and, since motions upon this ground are not favored, the movant has the burden of satisfying the court:

"(I) That admissible evidence was discovered after the trial, or so late in the trial that it was impossible to present the evidence before the trial closed; and,

"(II) That it was not due to any lack of due diligence on the part of the movant that the evidence was not earlier discovered and made available at the trial. It is peculiarly important that the motion and affidavits, by complete and detailed statements, establish the party's diligence. * * * Witnesses who could have been located by diligent inquiry can seldom be brought forward after the trial to support such a ground. When the identity of a witness is known, or becomes known before the conclusion of the trial, but the party without fault has been unable to interview him or to secure his presence or deposition to give favorable testimony, a showing of due diligence will require that the party have sought, by motion for continuance, application to withdraw his announcement of ready, or other appropriate procedure,

a delay in the proceedings to permit production of the evidence. * * *

"(III) That the testimony is not merely cumulative or impeaching. * *

"(IV) That the evidence is so material that it probably would, if believed, bring about a different verdict or finding upon another trial. * * *"

We cannot say that the trial judge abused his discretion in denying the motion for new trial insofar as the allegations of newly discovered evidence are concerned. Ibid., authorities cited in Note 93, pg. 1465.

■ Plaintiff's final Point is that the court erred in announcing plaintiff ready and causing him to proceed to trial prior to service being had upon the defendants, C. R. Welchel, Sr., V. B. Scott and G. W. Hunt. Plaintiff has not briefed this Point. No bills of exception have been included in the transcript. However, the judgment of the court recites that plaintiff appeared in person and by attorney after having been announced ready by the court. It appears that the trial was recessed from time to time and that plaintiff was permitted to file amendments to his petition. The first time complaint was registered by plaintiff was in his motion for new trial. No motion for continuance was filed. The judgment recites that the parties who were not served were dismissed from the case by the court.

We are of the opinion that it was necessary for plaintiff to file a motion for continuance or, in some manner, by bill of exception, preserve his objection to the action of the court in proceeding with the trial, if, in fact, he did object. Airline Motor Coaches v. Howell, Tex.Civ.App., 195 S.W.2d 713, ref., n. r. e. In this case the court stated:

"Litigants should not be permitted to trifle away the time of the trial court at the expense of the State and apparently acquiesce in any matters which he feels to be injurious to his client without calling for a ruling from

the trial court to protect his rights, who in all probability on many occasions would stop the trial and utilize the time of the court for some useful purpose. We believe a party who sits silently by and registers no complaint with the trial court as to the manner the trial is being conducted should not, for the first time in the motion for a new trial, be heard to complain."

Furthermore, it appears that plaintiff, in effect, abandoned his cause of action against the defendants who were not served in that he prayed for no relief against them in his second amended original petition.

The judgment of the Trial Court is affirmed.