George BEDDALL, Appellant,

v.

**READER'S WHOLESALE DISTRIBUTORS,
INC., Appellee.**

No. 14870.

Court of Civil Appeals of Texas.

Houston.

Oct. 13, 1966.

Rehearing Granted Nov. 3, 1966.

Wm. E. Hornbuckle, III, Wyckoff & Russell, James Wyckoff, Houston, for appellant.

Ross, Banks, May & Cron, John A. Cavin, Houston, for appellee.

WERLEIN, Justice.

Appellee, Reader's Wholesale Distributors, Inc., sued William T. Myers and Claude Myers, individually and as partners, d/b/a Myers Floor Company, and Myers Floors, Inc., on a sworn itemized account, and appellant, George Beddall, as guarantor in writing of the indebtedness of Myers Floor Company. Upon request of appellee Claude Myers and Myers Floors, Inc., who were not served with citation, were dismissed from the suit without prejudice. The case was tried by the court without a jury, and the court upon the pleadings, stipulations made at the hearing, and arguments of the parties, rendered judgment in favor of appellee against William T. Myers in the sum of $3,600.00 and against appellant, George Beddall, who alone appeals, in the sum of $1,415.59.

Findings of fact and conclusions of law were not requested or filed. The statement of facts consists solely of the stipulations of the parties. They stipulated that prior to May 28, 1963, there existed a written contract of guaranty, wherein George Beddall guaranteed the indebtedness of William T. Myers and Claude Myers, individually and as partners doing business as Myers Floor Company; that on May 30, 1963, by written letter, George Beddall revoked his written guaranty and that the revocation was received by appellee on May 30, 1963; that the written contract and guaranty was to the effect that George Beddall would guarantee the debts of the partnership, Myers Floor Company, to Reader's Wholesale Distributors, Inc.; that in such guaranty George Beddall had the right to revoke in writing at any time, and that such revocation was made on May 30, 1963; and that the address of the defendant, Claude Myers is unknown, and he cannot at the present time be located for purpose of service of citation.

Appellant contends that this case should be reversed because there is no evidence or stipulation that the guaranty expressly provided that the guarantor would be liable for debts incurred by the other defendants prior to the date the guaranty agreement was signed. The stipulation of the parties was to the effect that the written contract of guaranty existed prior to May 28, 1963. Appellant was advised when served with citation that the debt which appellee was asserting ran from November 5, 1962, and yet he did not testify or introduce any evidence as to the date of the agreement of guaranty. He did except in his original answer to the fact that appellee did not allege the date and the terms of the guarantee, but he failed to have the court pass on his exceptions and hence waived the same. There is nothing in the record before us to indicate that the court extended the guaranty to cover any indebtedness incurred prior to the date the guaranty agreement was executed.

This case was not submitted to the trial court upon an agreed statement of facts filed with the Clerk, as provided by Rule 263, Texas Rules of Civil Procedure. Said stipulations were made by counsel in open court. Hence the trial court could make any findings and draw any inferences supported by the evidence. Perry v. Aetna Life Insurance Company of Conn., Tex.Civ. App., 380 S.W.2d 868, writ ref., n. r. e. Furthermore, since there are no findings of fact and conclusions of law it will be presumed that the trial judge found every issuable fact necessary to sustain his judgment, where such fact is raised by the pleadings and can be supported by any reasonable theory supported by the evidence and authorized by law. McDonald, Texas Civil Practice, Vol. 4, Sec. 16.10(d), pp. 1302–3, and authorities there cited.

Appellant contends under his first point of error that appellee should not recover because it failed to plead and prove the point of beginning of the guaranty agreement and facts surrounding a default by the original debtors, such default being a pre-condition to any liability of appellant under the agreement. We are not in accord with this contention. The suit was brought by appellee

on an open sworn account which showed the date that each item of indebtedness was incurred, and the total amount of the indebtedness owing appellee by William T. Myers against whom' judgment was rendered. Appellant and appellee stipulated in open court that prior to May 28, 1963, there existed a written contract of guaranty wherein appellant guaranteed the indebtedness of William T. Myers and Claude Myers, individually and as partners doing business as Myers Floor Company, and guaranteed the debts of the partnership to appellee. The court found in favor of appellee and entered a default judgment against' the said William T. Myers for the amount of the claim as set out in the open sworn account. Thus, the amount of the indebtedness of the said William T. Myers to appellee was established.

Appellant was a party to such suit and was advised as to the nature of the claim and the indebtedness that was being sued for. At the trial it was stipulated that the guarantee terminated on May 30, 1963. Hence judgment was not entered against appellant for any amount of indebtedness accruing subsequent to such date. The guarantee of appellant was not limited or restricted in any way whatever but covered all the indebtedness owing appellee by Myers. The only limitation or restriction was contained in the stipulation that the guarantee was revoked on May 30, 1963. In his judgment the court found that appellant was indebted to appellee on his written contract of guaranty in the amount of $1,415.59. We are of the opinion that appellee sufficiently identified and established the amount of the indebtedness which was guaranteed by appellant who was a party to the suit, and that in the absence of any restriction or limitation placed upon the agreement of guaranty the court properly entered judgment as was done.

■ Under his first point, appellant states that he filed a motion for new trial showing newly discovered evidence to the effect that the trial court's judgment in-

cludes debts of the principal debtors which occurred before appellant knew or did business with them, and that upon a new trial he could show that the approximate date of the guarantee agreement was in January, 1963, and that it was incumbent upon appellee to prove that such agreement provided that the guarantor would be liable for debts of the principals incurred prior to such date. Appellant has no assignment of error to the effect that the court erred in failing to grant a new trial because of newly discovered evidence. Moreover, he has wholly failed to allege and prove that he exercised diligence in connection with procuring the evidence which he now contends has been newly discovered. He executed the written guaranty and if he didn't know the date thereof, he could easily have ascertained when it was. He stipulated that it was prior to May 28, 1963 and that he revoked the same on May 30, 1963. He has neither pled nor undertaken to show that the so-called newly discovered evidence was discovered after the trial or so late in the trial that it was impossible to present the evidence before the trial closed, or that it was not due to lack of diligence on his part that the evidence was not earlier discovered and made available at the trial. McDonald, Texas Civil Practice, Vol. 4, Sec. 18.16, pp. 1461–2; Wallace v. Petroleum Engineering & Tool Co. of Houston, Tex.Civ.App.1961, 349 S. W.2d 609.

Appellant has also failed to allege or prove that he exercised any diligence whatever in connection with discovering prior to the trial the fact that American Credit Insurance Corporation had paid either part or all of the account "under a contract of accounts receivable insurance with appellee." He has also failed to plead or prove that if there was such insurance it would have inured to his benefit or resulted in any other judgment than that rendered. Hence, there is no merit in his assertion of newly discovered evidence. It should be noted also that appellant's motion for new trial was overruled by operation of law and that the later action of the court in overruling such

motion is a nullity. No evidence was introduced by appellant in such connection and there is nothing in the record before this Court with respect thereto.

■ Appellant lastly complains that appellee's cause of action was barred by the two year statute of limitations. The principal debtors did not plead that the debt was barred by limitation and hence waived such defense. Travis County v. Matthews, Tex. Civ.App., 235 S.W.2d 691, writ ref., n. r. e. Judgment was taken against the said William T. Myers for the full amount owing, and against appellant for only the amount of indebtedness incurred from November 5, 1962 through May 27, 1963, which period was within four years of the date suit was filed. It is our view that the four year statute was applicable to appellee's cause of action against appellant on his written guarantee. While there is some authority to the contrary, the great weight of authority is that an action to recover on a contract of guaranty cannot be defended by showing that the claim against the original debtor has been barred by the statute of limitations. In the instant case the principal debtors by not pleading limitation have waived the statute of limitations as to themselves; but even if they had pleaded the two year statute of limitations, appellant would still be liable on his written unconditional guaranty to pay the debt, and such guaranty was in nowise dependent on the vitality and force of the account. Western Casket Co. v. Estrada, Tex.Civ.App., 116 S.W. 113. The doctrine that a guarantor is not released or discharged even though the action against the debtor is barred by the statute of limitations finds support in numerous cases in other jurisdictions. See Annotation under Bomud Co. v. Yockey Oil Co., 180 Kan. 109, 299 P.2d 72, 58 A.L.R.2d p. 1273.

"The rule in this State is that the operation of the statute of limitation on the principal obligation does not of itself affect the undertaking of a guarantor. The bar of the statute is not a defense to the guarantor unless it has also operated on his own promise of guaranty." 27 Tex.Jur.2d, p. 313, Guaranty, § 47, and authorities there cited. See also Charbonneau v. Bouvet, 1904, 98 Tex. 167, 82 S.W. 460.

■ In the instant case appellant did not plead or prove that he was not liable in the capacity in which he was sued, or that he was released from liability by failure of appellee to notify him of non-payment by the principal debtor, or that appellee was guilty of laches in pursuing its remedy against the principal debtors, or that there was a misjoinder of parties, or that the suit was as to him premature. Having failed to plead or prove these defenses in the trial on the merits of the case, appellant cannot raise such issues for the first time on appeal.

Judgment affirmed.

## On Motion for Rehearing

■ We have reconsidered appellant's Point 4 contained in his amended brief filed with leave of Court after submission and shortly before our opinion was handed down, in which he asserts that the open sworn account upon which judgment was rendered was hearsay as to him and therefore will not support the court's judgment. We sustain this assignment. Products Unlimited, Inc., v. American R. & S. San. Corp., Tex.Civ.App., 397 S.W.2d 551, writ ref., n.r.e.; Duree v. Aetna Ins. Co. et al., Tex.Civ.App. 1933, 66 S.W.2d 764; National Surety Corporation v. Dabney, Tex. Civ.App.1955, 282 S.W.2d 70; Meaders v. Biskamp, 1958, 159 Tex. 79, 316 S.W.2d 75.

Appellant's motion for rehearing granted.

Judgment of the trial court reversed and remanded.