NO. 07-00-0235-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



SEPTEMBER 6, 2001



______________________________


 


KENNETH LEROY SIMMONS, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;



NO. 32,807-B; HONORABLE MARVIN MARSHALL, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

 Pursuant to a plea of guilty for third degree felony theft, appellant Kenneth Simmons
was granted deferred adjudication and placed on community supervision for five years. 
A hearing was held on the State's motion to proceed with adjudication of guilt alleging six
violations of the terms of community supervision. Appellant plead true to four of the
allegations and the State presented evidence on the remaining allegations. The trial court
adjudicated appellant guilty and sentenced him to five years confinement. In presenting
this appeal, counsel has filed an Anders (1) brief in support of a motion to withdraw. Based
upon the rationale expressed herein, the motion to withdraw is granted and the judgment
is affirmed.

 In support of his motion to withdraw, counsel has certified that he has diligently
reviewed the record and, in his opinion, the record reflects no reversible error or grounds
upon which an appeal can be predicated. Anders v. California, 386 U.S. 738, 744-45, 87
S.Ct. 1396, 18 L.Ed.2d 493 (1967); Monroe v. State, 671 S.W.2d 583, 585 (Tex.App.--San
Antonio 1984, no pet.). Thus, he concludes the appeal is frivolous and without merit. In
compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Cr.App. 1978), counsel has
candidly discussed why, under the controlling authorities, there is no error in the court's
judgment. Counsel has also shown that he sent a copy of the brief to appellant, and
informed appellant that, in counsel's view, the appeal is without merit. In addition, counsel
has demonstrated that he notified appellant of his right to review the record and file a pro
se brief if he desired to do so. Appellant filed a pro se brief, but the State did not favor us
with a brief. 

 Counsel presents three arguable points on appeal, to wit: 1) reversible error during
the guilty plea proceeding, (2) reversible error in the motion to proceed with adjudication
of guilt, and (3) ineffective assistance of counsel. However, counsel concedes that no
reversible error is presented. We agree. A defendant who pleads guilty and is placed on
deferred adjudication may raise complaints relating to the original plea proceeding only in
an appeal taken when the trial court first ordered deferred adjudication. Manuel v. State,
994 S.W.2d 658, 661-62 (Tex.Cr.App. 1999). Appellant would have had to raise error in
his original plea proceeding within 30 days after being granted deferred adjudication in
1995. Thus, appellant's first contention does not demonstrate error.

 Regarding other arguable points, this Court has no jurisdiction to review the trial
court's determination to adjudicate guilt. Tex. Code Crim. Proc. Ann. art. 42.12 § 5(b).
Connoly v. State, 983 S.W.2d 738, 741 (Tex.Cr.App. 1999); Phyes v. State, 828 S.W.2d
1, 2 (Tex.Cr.App. 1992); Olowosuko v. State, 826 S.W.2d 940, 941-42 (Tex.Cr.App. 1992).
Article 42.12, section 5(b) only allows an appeal of all proceedings (i.e. assessment of
punishment or pronouncement of sentence) after the adjudication of guilt on the original
charge. (2) Olowosuko, 826 S.W.2d at 942. However, any complaint regarding punishment
must be preserved for review. Tex. R. App. P. 33.1(a)(1)(A); see also Hardeman v. State,
1 S.W.3d 689, 690 (Tex.Cr.App. 1999). Here, no objection was made to the trial court's
assessment of five years confinement. Moreover, because appellant's sentence was
within the two to ten year range for a third degree felony, it will not be disturbed on appeal. 
See Tex. Pen. Code Ann. §12.34 (Vernon 1994); Flores v. State, 936 S.W.2d 478-79
(Tex.App.-Fort Worth 1996, no pet.). 

 We have also made an independent examination of the entire record to determine
whether there are any arguable grounds which might support the appeal. See Penson v.
Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d
503, 511 (Tex.Cr.App. 1991). We have found no such grounds and agree with counsel
that the appeal is without merit and is, therefore, frivolous. Currie v. State, 516 S.W.2d 684
(Tex.Cr.App. 1974); Lacy v. State, 477 S.W.2d 577, 578 (Tex.Cr.App. 1972).

 Accordingly, counsel's motion to withdraw is hereby granted and the judgment of the
trial court is affirmed.

 Don H. Reavis

 Justice


Do not publish.
1. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).
2. Although appellant filed a pro se brief, he did not challenge punishment or
pronouncement of sentence and thus, we are without jurisdiction to review his contentions.



/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-09-00242-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



JULY
28, 2010

 



 

IN THE INTEREST OF E. C. M., A MINOR CHILD



 



 

 FROM THE 200TH DISTRICT COURT OF TRAVIS
COUNTY;

 

NO. D-1-FM-06-001681; HONORABLE GISELA D. TRIANA-DOYAL, JUDGE



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

Appellant, Henri Molle
(Henri), appeals complaining of the judgment granted in favor of appellee, Erin Molle (Erin),
altering the geographic restrictions regarding the residency of Erin and the
minor child of the parties, E.C.M.  By
two issues, appellant attacks the sufficiency of the evidence, both factual and
legal, to support whether there had been a substantial change in circumstances
relating to where Erins primary residence should be and whether the
modification of the geographic restriction is in the best interest of the
child.  Disagreeing with Henri, we affirm
the judgment of the trial court.

 

Factual and Procedural Background

            Henri
and Erin were divorced in 2006.  The
Agreed Decree of Divorce named the parties as the joint managing conservator
with Erin retaining the right to designate the primary residence of the minor
child.  The right to designate the
primary residence of the child was subject to a geographic restriction of
Travis and contiguous counties.  Erin
filed a motion to modify requesting that the trial court grant Erin the right
to determine the primary residence of the child without any geographic
restriction. 

            Trial
was to the bench.  Both parties testified
about the relationship that had existed between the two since the divorce and
the extent to which each parent had been involved in the care of the minor
child.  Henri sought to portray Erins
decision to request that the geographic restriction be lifted as a decision
made before the final decree was even entered. 
This was so, according to Henri, because Erin had made a decision to
marry Scott Eccleston (Scott) before the divorce was
final.  Therefore, Henri argues, nothing
had changed that could be said to be a material or substantial change in
circumstances regarding the residency of the child.  Erin, on the other hand, testified that,
while she had known Scott since college, she had not developed any romantic
interest in Scott until 2008.  

            Both
parties testified that each parent loved the child; however, the testimony
regarding who was responsible for most of the day-to-day responsibilities was
clearly in favor of Erin.  Not only did she
have the primary responsibility to address nearly all of the daily issues in
raising E.C.M., but the record indicated, and the trial court found, that Henri
has not been substantially involved in the childs day-to-day care,
health-related needs, or school activities.

            The
trial court granted the motion to modify and entered an order finding a
material and substantial change in circumstances and that the entry of a new
order would be in the best interest of the minor child.  Accordingly, the trial court ordered that
Erin have the exclusive right to designate the primary residence of the child
in Dallas, Tarrant, or Travis Counties or any county contiguous to those
counties.  It is from this order that
Henri appeals.  The trial court entered
findings of fact and conclusions of law. 


            Through
two very general issues, Henri contends that the evidence is legally and
factually insufficient to support the trial courts determination that 1) there
was a material and substantial change in circumstances of the child or Erin,
and 2) modification of the geographic restriction would be in the best interest
of the child.  Disagreeing with Henri, we
will affirm the judgment of the trial court.

Standard of Review

            We
begin with the statutory framework for a modification of a prior order that
addresses terms and conditions of possession of and access to minor
children.  A trial court may order a
modification of a prior order when modification would be in the best interest
of the child and the circumstances of the child or conservator have materially
and substantially changed since rendition of the prior order.  See Tex.
Fam. Code Ann. § 156.101(a)
(Vernon Supp. 2009).[1]  The best interest of the child shall always
be the primary consideration of the court when considering issues of
conservatorship.  See §
153.002.  

            A
trial courts decision regarding modification of terms of conservatorship and
access is reviewed under an abuse of discretion standard.  See Zeifman
v. Michels, 212 S.W.3d 582, 587 (Tex.AppAustin 2006, pet. denied).  Absent a clear abuse of discretion, the trial
courts order modifying the prior order will not be disturbed on appeal.  Id. (citing Gillespie v. Gillespie,
644 S.W.2d 449, 451 (Tex. 1982)).  This
is so because the trial court is in the best position to observe the witnesses
and evaluate the witnesses demeanor and credibility.  Id. 


            A
trial court abuses its discretion when it acts in an arbitrary and unreasonable
manner without any regard to guiding rules or principles.  See Downer v.
Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985).  When applied to an abuse of discretion
standard, traditional challenges to the legal and factual sufficiency of the
evidence are not considered independent grounds of error, but rather, are
relevant factors in assessing whether the trial court abused its
discretion.  See In re D.M.D.,
No. 05-07-01045-CV, 2009 LEXIS 854, *5 (Tex.App.Dallas
Feb. 6, 2009, no pet.) (mem.
opinion, not designated for publication). 
When applying the abuse of discretion standard to a modification suit
the traditional sufficiency standards of review overlap, and appellate courts
apply a hybrid analysis.  See Echols
v. Olivarez,  85
S.W.3d 475, 477 (Tex.App.Austin 2002, no pet.).  In applying this hybrid analysis, the
appellate court engages in a two-pronged inquiry: 1) whether the trial court
had sufficient information on which to exercise its discretion; and 2) whether
the trial court erred in its
application of discretion.  See Zeifman, 212 S.W.3d at 588.  Sufficiency of the evidence is the operative
inquiry in the first question, and then the appellate court makes a
determination of whether the trial courts decision was reasonable.  See id.  In making this decision about the
reasonableness of the trial courts decision, the mere fact that the appellate
court might decide the issue differently than the trial court does not
establish an abuse of discretion.  Id. at 587. 
During the legal sufficiency portion of the review, we continue to
consider only the evidence that supports the trial courts findings and
disregard all evidence and inferences to the contrary.  Echols, 85 S.W.3d at
477.  If any probative evidence
supports the courts decision, it will be upheld.  Id. 
When reviewing for factual sufficiency, we examine all of the evidence
and reverse only if the trial courts finding is so against the great weight
and preponderance of the evidence as to be manifestly unjust.  Id. 
Where, as here, the trial court has filed findings of fact, those
findings of fact are the equivalent of jury answers to special issues.  Id.

            Generally,
while findings of fact are reviewable for legal and factual sufficiency, an
attack on the sufficiency of the evidence must be directed at specific findings
of fact rather than at the judgment as a whole. 
In re An Unborn Child, 153 S.W.3d 559,
560 (Tex.App.--Amarillo 2004, pet. denied).  If the trial court's findings of fact are not
challenged by an issue on appeal, they are binding upon the appellate
court.  See Nw.
Park Homeowners Ass'n, Inc. v. Brundrett,
970 S.W.2d 700, 704 (Tex.App.--Amarillo 1998, pet.
denied).  However, a challenge to
an unidentified finding of fact may be sufficient for review if we can fairly
determine from the argument the specific finding of fact which is being
challenged.  Shaw v. County of Dallas,
251 S.W.3d 165, 169 (Tex.App.Dallas 2008, pet.
denied).  Because we feel that we can
fairly determine from the argument the specific findings being challenged, we
will address these issues fully.

Analysis

            Henri
attacks both the finding that there had been a material and substantial change
in circumstances that would support a change in the geographic restriction in
place, and he also attacks whether the proposed change would be in the best
interest of the child.  We will address
each issue in turn.

Material and Substantial Change in
Circumstances

            Henris
attack on the trial courts judgment regarding the sufficiency of the evidence
to support whether or not there had been a material and substantial change in
circumstances is summed up in the first line of his brief: The evidence
clearly shows that Erin contemplated marrying Scott and moving to Dallas before
the divorce decree was entered. 
According to Henris theory, this then means that the contemplated
marriage between Erin and Scott with the attendant plans to live in Dallas
could never provide the impetus for a material or substantial change in
circumstances.  

            The
flaw in Henris analysis is that it requires this appellate court to ignore the
evidence heard by the trial court.  The
record demonstrates that Erin testified that, although she had known Scott
since college, they did not become romantically involved until 2008, well after
the divorce was granted in 2006.  The
record also supports the trial courts finding of fact that the pending
marriage of Erin and Scott would allow Erin to obtain better employment in the
Dallas area.  Erin also testified that
the marriage to Scott would provide additional emotional and financial
support.  During the presentation of the
evidence, Henri presented himself as a fully engaged father who was involved in
all aspects of the minor childs life. 
However, Erin testified that, while there was no question Henri loved
the child, he tended to be involved only when it was convenient or when there
were no job conflicts.  After hearing
this evidence, the trial court found that, Henri has consistently not exercised
all periods of his possession with the child and that prior to the motion to modify
being filed Henri was not primarily responsible for, nor
substantially involved in, the childs day-to-day care, health-related needs,
or school activities.  

The trial court heard the conflicting
testimony and entered its findings after resolving these conflicts.  The trial court is in the best position to
resolve this conflicting testimony because it is able to observe the demeanor
and personalities of the witnesses.  Echols,
85 S.W.3d at 477. 
We are charged with reviewing the evidence in the light most favorable
to the trial courts judgment.  In that
light, we find that the evidence is legally sufficient to support that there
has been a material and substantial change in the circumstances of Erins
situation.  See id.  Therefore, the evidence is legally
sufficient.

As to the factual sufficiency of the
evidence, we review all of the evidence when conducting this review, not just
the evidence that supports the trial courts judgment.  Id. 
A review of the record reveals that Henris entire position was, as
stated above, based upon the assertion that Erin intended this move from a time
before the divorce decree was ever entered. 
This was the thrust of all of the testimony offered by Henri on the
subject of material and substantial change. 
As stated in the preceding paragraph, the testimony presented by Erin
was diametrically opposed.  Her testimony
portrayed a scenario where she first rekindled a friendship with Scott that had
been basically dormant since college and that this then grew into a romantic
relationship that led to an offer of marriage. 
The trial court heard all of this evidence and decided the issue against
Henri, and we will not disturb the trial courts decision for we cannot say
that such a decision is against the great weight and preponderance of the
evidence.  See id.  Neither can we say that the resulting finding
by the trial court is manifestly unjust. 
See id.

Because the decision of the trial
court is both legally and factually sufficient, there can be no abuse of
discretion shown.  Zeifman,
212 S.W.3d at 587. 
Henris first issue is overruled.

Best Interest of the Child

            Regarding
the best interests of the child, the trial court made the following finding:

The evidence showed that the relocation would be a
positive change in the general quality of life for the Petitioner and the child
in that relocation to Dallas would allow her to remarry, resulting in increased
emotional and financial support for the Petitioner, as well as superior
employment opportunities for Petitioner. 
Petitioners improved financial situation would allow her to provide a
better standard of living for the child.

Henri does not attack
this finding directly.  Rather he posits
that, in general, the childs current relationship with his extended family
and the childs current community would indicate that the contemplated
relocation would not be in the best interest of the child.

            As
to the legal sufficiency of the evidence to support the trial courts best
interest determination, there was substantial evidence offered by Erin that
relocation would provide her with 1) a better employment situation, 2) more
financial support, and 3) significantly more emotional support.  None of this testimony was contradicted by
Henri, except to say that Erin had lived in Dallas once before and did not like
it.  However, the trial court also heard
Erin testify that when she lived in Dallas previously, she lived in Dallas
proper.  This time, her contemplated
relocation was to a Dallas area suburb. 
The trial court was charged with the responsibility of resolving the
conflicting evidence, and we will defer to that decision.  Echols, 85 S.W.3d at
477.  With that understanding and
reviewing only the evidence that supports the trial courts judgment plus
reasonable inferences from that evidence, we find the evidence to be legally
sufficient to support the finding that the proposed relocation would be in the
childs best interest.  Id.  

            Our
review of the factual sufficiency of the evidence reveals that Henri did
present evidence about some parts of the childs life that would be missing if
the trial court approved the change in geographic restriction.  However, the record further reflects that
Erin presented testimony about steps she was willing to take to minimize these
concerns.  Specifically, Erin testified
that she intended to continue French language classes for the child.  She also expressed her willingness to pay the
transportation cost of the child from Dallas to Austin and to pay for two trips
per year for Henri to come to Dallas to visit the child.  When these findings and the evidence
supporting them are viewed in light of the relevant considerations, we cannot
say that the great weight and preponderance of the evidence is against the findings.  See Lenz v. Lenz, 79 S.W.3d 10,
15-19 (Tex. 2002) (describing the factors to be considered by the trial court
in relocation cases).  Further, the
record reveals that the trial court found that there was no evidence of bad
faith or ill motive on the part of Erin. 
See Franco v. Franco, 81 S.W.3d 319, 339 (Tex.App.El Paso 2002, no pet.).  When the totality of the evidence is
reviewed, we cannot say that the great weight and preponderance of the evidence
is against the trial courts findings such that those findings are unjust.  Id. 


Accordingly, the trial court did not
abuse its discretion in finding that the relocation would be in the best
interest of the child.  Zeifman, 212 S.W.3d at 587.  Henris second issue is overruled.

Conclusion

Having overruled Henris two issues,
the trial courts judgment is affirmed.

 

 

                                                                                                Mackey
K. Hancock

                                                                                                            Justice

 

 

            








 











[1]
Further reference to the Texas Family Code shall
be by reference to § ___.