**BASSE TRUCK LINE, INC., Appellant,**

v.

**STRICKLAND TRANSPORTATION COMPANY, Inc., Appellee.**

No. 5506.

Court of Civil Appeals of Texas.

El Paso.

July 11, 1962.

Rehearing Denied Aug. 1, 1962.

Dan Feltz and J. Malcolm Robinson, Austin, for appellant.

Currie, Kohen & Freeman, Dallas, Sawtelle, Hardy, Davis & Goode, San Antonio, for appellee.

CLAYTON, Justice.

This is an appeal from a summary judgment granted by the judge of the County Court at Law No. 1, of Bexar County, Texas. Appeal was originally taken to the Court of Civil Appeals for the Fourth Judicial District at San Antonio, Texas and was transferred to the Eighth Judicial District at El Paso by order of the Supreme Court of Texas for the purpose of equalizing the docket.

Designating the parties as they appeared in the court below, plaintiff Strickland Transportation Company sued defendant Basse Truck Line, Inc. upon sworn account arising out of the proration of freight charges between the two parties as connecting carriers pursuant to an agreed basis. At periodic intervals a settlement was had between the parties, the respective amounts due each being determined by an inter-line settlement sheet prepared by the plaintiff. The petition alleges that on the basis of three such settlement sheets, attached to the petition as Exhibit "A", the defendant became indebted to plaintiff in the amount of $909.03, of which amount defendant paid only $433.68, leaving a balance of $475.35, which balance defendant failed and refused to pay. The account was duly verified by affidavit.

Defendant's second amended answer, in so far as material, set up counterclaims against plaintiff totalling $475.35, and a paragraph reciting: "For the reasons alleged herein, Defendant alleges that it owes nothing to Plaintiff, and specifically that it does not owe the amounts set forth in Plaintiff's Exhibit 'A' attached to its Original Petition, or any part thereof, and that such account is not just; that such debt has been paid by Defendant to Plaintiff and nothing remains to be paid thereon". This pleading is sworn to by the attorney for defendant.

Plaintiff filed its motion for summary judgment wherein it was alleged that the defendant did not challenge plaintiff's suit, but averred a counterclaim which was insufficient as a matter of law; that the facts pled by the defendant, together with the affidavit of one W. H. Gill attached to plaintiff's motion and made a part thereof, showed that there was no genuine issue as to any material fact and therefore plaintiff was entitled to judgment as a matter of law.

The affidavit of W. H. Gill, plaintiff's General Claim Agent, did not in any way attempt to support the alleged indebtedness of defendant as shown by the three settlement sheets attached as Exhibit "A" to plaintiff's petition, but merely related, from his personal knowledge, certain circumstances under which defendant's asserted principal counterclaim arose.

Defendant filed a motion to deny plaintiff's motion for a summary judgment and followed this by filing a "Supplemental Controverting Affidavit" of H. H. Wear, general manager of defendant. This affidavit dealt in large part with the matter of the defendant's principal counterclaim, but contains this final paragraph: "I (the affiant) have read all of the papers on file in this case and deny under oath the verified account of Strickland Transportation Company, Inc., and say that said account is not just or true, in whole or in part."

Summary judgment for the plaintiff having been granted, defendant appealed, predicating error on three points. Since we are of the opinion that two of these points, the first and third, require that the trial court's judgment be reversed and this cause remanded, the second point need not be discussed.

Defendant's first point of error recites that the court erred in disregarding defendant's sworn denial of plaintiff's verified account, and the third point urges that the summary judgment was granted on insufficient pleadings and affidavits.

As has been seen above, defendant's Second Amended Answer, the final reply to plaintiff's suit on verified account, alleges that it owes nothing to plaintiff, and specifically the amounts, or any part thereof, set forth in the account; that such account is *not just*, and that *such debt has been paid* by defendant to plaintiff. It occurs to us that such language, if properly verified, satisfies the requirements of verified pleas (Rule 93, Texas Rules of Civil Procedure), and of denials in suits on sworn accounts

(Rule 185, Texas Rules of Civil Procedure). A quite similar situation is found in the case of Dollie Adams Oil Corp. v. Roberts, 259 S.W.2d 311 (Civ.App., 1953, no wr. hist.). This case refers to Moore v. McKinney, 151 S.W.2d 255 (Civ.App., 1941, no writ hist.), in the following language:

"In this cause the court, ruling upon a verified denial similar to the one here in issue, defined the rule governing such pleading in the following language: 'We do not think it was necessary, in order to destroy the prima facie effect of the sworn account, that it should have been denied in haec verba; necessarily, if paid in full, it was no longer a just account, and unjust thereafter to sue the defendant upon it.' "

In the instant case the Second Amended Answer is sworn to by counsel for defendant. If it should be urged that this fact rendered the answer ineffective as a sworn denial, under the rule announced in Shwiff v. City of Dallas, 327 S.W.2d 598, which held that an *affidavit* in a summary judgment proceeding executed by the attorney for a party was ineffective for not having recited that it was made on affiant's personal knowledge or that he was competent to testify to the matters stated therein (which we believe to be inapplicable here), we turn to the "Supplemental Controverting Affidavit" of H. H. Wear made in connection with defendant's motion to deny summary judgment. Wear's affidavit recites: " * * * I have read all of the papers on file in this case and deny under oath the verified account of Strickland Transportation Company, Inc., and say that said account is not just or true, in whole or in part."

The language tracks that used in Rule 185, T.R.C.P., and removes any conceivable objection to the sufficiency of the sworn denial of plaintiff's verified account.

Such being the case, we conclude that plaintiff has not shown itself entitled to

summary judgment relief under the provisions of Rule 166-A, T.R.C.P. We consider the case of Burtis v. Butler Bros., 243 S.W.2d 235 (Civ.App., 1951, no wr. hist.) as being precisely illustrative of the rule which must be applied here. Two factors should be borne in mind: First, that the statements in the affidavit of W. H. Gill attached to plaintiff's motion for summary judgment did not undertake to support the items contained in the sworn account; and second, that the verified account, under Rule 185, T.R.C.P., could only achieve the status of prima facie evidence in the absence· of a properly worded written denial, under oath. The Burtis case, after preliminary discussion, holds:

"But aside from these considerations, appellee's right to summary judgment is not sustainable in face of the Burtis sworn denial of account. A counterpart of Rule 166-A, Summary Judgment, is Rule 185 for speedy ascertainment of fact issues in a suit on sworn account; it providing that in absence of an affidavit of denial, the opposing party 'shall not be permitted to deny the account.' Conversely, an affidavit by a defendant denying the justice of a sworn account has the effect of neutralizing the affidavit thereto made by the plaintiff. 'Upon filing of the denial the plaintiff's account stands as though it had not been verified; its character as prima facie evidence is destroyed, and the burden rests upon the plaintiff to prove his case as at common law.' 1 Tex.Jur., p. 354; Continental Lumber & Tie Co. v. Miller, Tex.Civ.App., 145 S.W. 735. So, in the case at bar, defendant's sworn denial has placed in issue the correctness of all items constituting the account in suit. Genuine issues of fact being apparent in the record, the provisions of Rule 166-A obviously do not apply."

The decision in the Burtis case is cited in later Texas authorities: Layne Glass Co. v. Parker, 340 S.W.2d 363 (Civ.App., 1960, no wr. hist.); Burnett v. Meletio, Jr., 351 S.W.2d 912 (Civ.App., 1961, ref. n. r. e.); and is discussed by Bauman, Summary Judgment: The Texas Experience, 31 Texas Law Review 866, at page 871.

For the reasons set forth, the judgment of the trial court is reversed and this cause is remanded for further proceedings in accordance with this opinion.