**PRODUCTS UNLIMITED, INC., et al.,**
**Appellants,**

v.

**AMERICAN RADIATOR & STANDARD**
**SANITARY CORP., INDUSTRIAL**
**DIVISION, Appellee.**

No. 188.

Court of Civil Appeals of Texas.

Tyler.

Dec. 9, 1965.

Rehearing Denied Jan. 6, 1966.

Reagan M. Martin, Griffitts & Martin, Dallas, for appellants.

Bob D. Dyess, Brundidge, Fountain, Elliott & Churchill, Dallas, for appellee.

SELLERS, Justice.

The appellee, American Radiator & Standard Sanitary Corporation, Industrial Division, brought this suit upon a verified account for merchandise sold to Products Unlimited, Inc., a defendant who did not answer in the suit, and a judgment by default was entered against it by the trial court, from which no appeal has been prosecuted.

The appellee sued appellant, Lewis C. Krodell, Individually and doing business as Vanguard Construction Company, guarantor of the account between appellee and

**552**

Products Unlimited, Inc., and appellee attaches to its petition four instruments which it alleges were the unconditional guaranty of its account with Products Unlimited. Appellant filed a general denial under oath and alleged certain payments of the account, and attached to its answer certain checks alleged as evidence of such payments.

 Appellee filed his motion for summary judgment which was in due form. In answer to the motion of appellee for summary judgment, the appellant, Lewis C. Krodell, filed a response to said motion duly verified, which alleges in part as follows:

"THAT The Defendant, Lewis C. Krodell, has filed herein this date a sworn denial in accordance with Rule 185 and Rule 93 of the Texas Rules of Civil Procedure setting out under oath that the claim is not just or true in whole or in part and stateing to his knowledge wherein the particular items, in particular the Plaintiff's petition, are untrue and, further, in accoradance with Rule 93 of the Texas Rules of Civil Procedure.

"THAT The Defendant, Lewis C. Krodell, has a valid defense and that there are issues of fact and law involved."

It is our opinion that this verified plea in response to the appellee's motion for summary judgment, together with appellant's verified amended answer, is sufficient to raise an issue of fact for the trial court to try and that there was error in granting a summary judgment to appellee. Basse Truck Line, Inc. v. Strickland Transp. Co., Tex.Civ.App., 359 S.W.2d 477; Davis Bumper to Bumper, Incorporated v. Roberts, Tex.Civ.App., 331 S.W.2d 762; Burtis v. Butler Bros., Tex.Civ.App., 243 S.W.2d 235.

 There is another reason why the trial court could not render a valid summary judgment in this case based upon the verified account where there was a verified denial of the account, and that is the record shows, without dispute, that appellant was not sued as the purchaser of the property from appellee, but is sued only as a guarantor of the debt. It is our opinion that a verified account is purely hearsay as against a third party, such as the alleged guarantor in this case and cannot be the basis of the summary judgment against appellant. Eng v. Wheeler, Tex.Civ.App., 302 S.W.2d 263, and authorities therein cited.

The summary judgment of the trial court is reversed and the cause remanded for trial on the merits.