**NORTHWEST PARK HOMEOWNERS ASSOCIATION, INC., Appellant,**

v.

**Warner M. BRUNDRETT, Appellee.**

NO. 07–97–0296–CV.

Court of Appeals of Texas, Amarillo.

May 21, 1998.

Rehearing Overruled June 25, 1998.

Rehearing Overruled July 27, 1998.

---

Mendelsohn & Jackson, PC, (Ricky J. Poole and Rosemary B. Jackson), San Antonio, for appellant.

Michael A. Chovanec, John Michael Doyle, San Antonio, for appellee.

Before BOYD, C.J., and DODSON and REAVIS, JJ.

REAVIS, Justice.

Northwest Park Homeowners Association, Inc. (Northwest) appeals from a judgment, upon a non-jury trial, that Northwest take nothing on its action against Warner M. Brundrett (Brundrett) to recover maintenance assessments pursuant to a Declaration of Covenants, Conditions and Restrictions (Declaration) for Northwest. By six points of error, Northwest contends the trial court erred in rendering judgment that it take nothing. Concluding that no error is presented, we affirm.

On May 25, 1984, Homecraft Assets Corporation executed an instrument entitled Declaration of Covenants, Conditions and Restrictions for Northwest, which was filed of record on July 24, 1984, covering the subdivision known as Northwest Park. By deed effective September 16, 1991, Brundrett purchased Lot 17, Block 4, in Northwest Park. One of the provisions of the deed recited that the conveyance was subject to "all easements, covenants, restrictions, reservations, conditions and rights appearing of rec-

ord. . . ." Also, the Declaration provided for the creation of a non-profit corporation known as Northwest Park Homeowners Association, Inc. However, Northwest was not chartered as a non-profit corporation until October 19, 1995. The Declaration provided that every owner of a lot would be a member of the Association. The board of directors of Northwest was authorized to levy and collect annual maintenance fees from lot owners to be used "exclusively to promote the recreation, health, safety, and welfare of the residents of the Properties."

On September 20, 1994, Northwest filed its original petition seeking to recover assessments for 1991 through 1994, totaling $240.60 and seeking judicial foreclosure of lien on Brundrett's property. Thereafter, on March 29, 1996, Northwest filed its first amended original petition and application to foreclose, its live pleading, seeking judgment for assessments for the years 1991 through 1996, plus late fees, and costs and attorney's fees. By its petition, Northwest expressly plead that it was the property owners' association under the Declaration which had been filed, and premised its standing and basis for relief on the Declaration. In addition to alleging that Brundrett was a lot owner and that he had failed to pay the assessments, Northwest's pleadings were couched in the form of an action on sworn account under Rule 185 of the Texas Rules of Civil Procedure. Upon trial, after denying Northwest's motion to strike Brundrett's answer because it was not verified, the trial court rendered judgment that Northwest take nothing. In response to a request for findings of facts and conclusions of law, the trial court made fifteen findings of facts and twelve conclusions of law.

By its first point of error, Northwest contends the trial court erred in denying its motion to strike Brundrett's answer and in failing to enter judgment on its pleadings because Brundrett's failure to verify his denial of the sworn account precluded denial of the receipt of the indicated services and the accuracy of the stated charges. By its second point of error, Northwest contends Brundrett should have been precluded at

trial from refuting the fees and assessments alleged in the petition because Brundrett failed to properly deny the charges outlined in the sworn account. Because points one and two present a common question of law, we will consider them together.

■ Because Rule 185 is a rule of procedure and not a rule of substantive law, it cannot be the basis of any cause of action. *Meaders v. Biskamp*, 159 Tex. 79, 316 S.W.2d 75, 78 (1958); *Hou–Tex Printers, Inc. v. Marbach*, 862 S.W.2d 188, 190 (Tex.App.—Houston [14th Dist.] 1993, no writ). Rule 185 simply provides a procedure for the presentation of specific substantive claims enumerated in the rule. The rule applies to actions or defenses founded upon

- open account or
- other claim for goods, wares and merchandise, including any claim for a **liquidated money demand** based upon **written contract or founded on business dealings between the parties,** or
- is for personal service rendered, or labor done or labor or materials furnished, on which a systematic record has been kept. . . .

(Emphasis added). Northwest's cause of action is based upon the Declaration filed in the deed records and referenced in its pleadings. Although the Declaration provides the underlying authority for Northwest to set assessments, the Declaration does not prescribe a specific dollar amount.[1] Instead, as relevant here, the Declaration provides that any decision to set annual assessments, as well as the amount thereof, is to be determined by the board of directors of Northwest. The Declaration requires that (1) written notice of any meeting called for the purpose of setting assessments must be given to the members not less than 30 days before any meeting, (2) any annual assessments be made at least 30 days in advance of each annual assessment period, and (3) written notice of the annual assessment be mailed to every lot owner.

Clearly, Northwest's claim is not one on open account, or a claim for goods, wares and merchandise, or a claim for labor or materials furnished. Although Northwest de-

---

1. Northwest does not seek to recover any amount     specified in the Declaration.

scribes its claim as being a sworn account for services, the exhibit listing the basis of the claim did not itemize or describe any "services," but instead only listed "assessments" for the subject years, plus late charges. Thus, in order for Northwest's claim to be entitled to the procedural benefit of Rule 185, we must determine whether the claim, as plead, constitutes a claim for a liquidated money demand based upon written contract, which counsel for both parties suggest may be a case of first impression.

█ Prior cases are helpful in our analysis. In *Murphy v. Cintas Corp.*, 923 S.W.2d 663, 665 (Tex.App.—Tyler 1996, writ denied), the court held that a lawsuit based upon a written lease agreement was not a valid claim on sworn account and therefore, Rule 185 did not apply. *See also Schorer v. Box Service Co.*, 927 S.W.2d 132, 134–35 (Tex. App.—Houston [1st Dist.] 1996, writ denied); *Great–Ness Prof. Serv. v. First Nat. Bank*, 704 S.W.2d 916, 917 (Tex.App.—Houston [14 Dist.] 1986, no writ). Because a guarantor of an account is a "stranger" to the account, Rule 185 does not apply to a guarantor under a written guaranty agreement. *Products Unlimited, Inc. v. American R. & S. San. Corp.*, 397 S.W.2d 551, 552 (Tex.Civ.App.— Tyler, 1965, writ ref'd n.r.e.).

█ Without question, Brundrett held title to his lot subject to the Declaration, which we will assume for these purposes constitutes a written contract (a question which we do not decide) and Brundrett was not a stranger to the contract. However, the Declaration filed in 1984 did not establish a specific amount for annual assessments which Northwest seeks to recover. To the contrary, the Declaration only authorizes the creation of Northwest with authority to set and impose assessments, from time to time, subject to the restrictions and procedures established by the Declaration. In *Achimon v. J.I. Case Credit Corp.*, 715 S.W.2d 73 (Tex.App.—Dallas 1986, writ ref'd n.r.e.), even though the creditor sought to recover the balance owing on a retail installment contract which created a debt, the court held that Rule 185 did not apply to the action to recover a deficiency upon the contract because the pleading did not contain a verified

plea that the creditor had conducted the foreclosure sale in compliance with applicable requirements of the Texas Business and Commerce Code. Because (1) the written contract (Declaration) did not set a specific amount for annual assessments or provide a formula by which the assessments could be determined, (2) the amount of assessments could be determined only by reference to action by the board of directors, which is extrinsic to the contract, and (3) Northwest's pleadings did not contain a verified allegation that the amount of the assessments had been properly levied in accordance with the provisions of the Declaration, we hold that Rule 185 is not applicable. Accordingly, points of error one and two are overruled.

By its remaining points of error, Northwest contends that (3) there was no evidence, or insufficient evidence, to support the trial court's finding that Northwest was without authority to charge annual assessments and late fees pursuant to the Declaration, (4) as a matter of law, Northwest had the authority to charge annual assessments and late fees, (5) there was no evidence, or insufficient evidence, to support the trial court finding that Brundrett did not have notice of Northwest's right to assess maintenance fees, and (6) the trial court erred in failing to award Northwest attorney's fees. We will consider these points together because, as below explained, our review of these points is not determinative of this appeal.

Article IV of the Declaration containing nine sections covering six pages includes provisions for annual maintenance and special assessments. In summary, the provisions provide that (1) assessments shall be made and collected as provided by subsequent sections; (2) the board may fix annual assessments; (3) the Association may levy special assessments for capital improvements; (4) written notice of **any** meeting to fix/levy annual or special assessments must be given to the members not less than 30 days before the meeting; (5) lots owned by residents are subject to annual assessments determined by **the board of directors**, in accordance with prior sections; and (6) the annual assessment shall be fixed by the board of directors 30 days in advance of each period and written

notice shall be mailed to every lot owner. Also, the payment of assessments is secured by a lien on the owners' lots.

After judgment was signed, pursuant to Northwest's request, the trial court entered 15 findings of facts and made 12 conclusions of law.[2] Northwest did not request that the trial court make additional or amended findings of facts and conclusions of law as allowed by Rule 298 of the Texas Rules of Civil Procedure. The findings of facts included the following:

8. That no special assessments were ever imposed against Warner Brundrett and the lot he owns by the Association for the years 1991 through 1996.

10. That the amount of annual assessments to be imposed upon lot owners in Northwest Park was never adopted by a vote of the membership of the Association for the years 1991 though 1996.

11. That the amount of annual assessments to be imposed upon lot owners in Northwest Park was never adopted by a vote of the board of directors of the Association for the years 1991 through 1996.

12. That a due date for payment of annual assessments was never imposed by either a vote of the membership or the board of directors of the Association for the years 1991 through 1996.

13. That late fees were never imposed by either a vote of the membership or the board of directors of the Association for the years 1991 through 1996.

Also, by finding 7, the trial court found that Northwest did not comply with the Declaration regarding the levy of annual or special assessments, and by finding 14, the trial court found that Northwest never charged Brundrett annual or special assessments in accordance with the Declaration.

■ Although Northwest subtly attacks fact finding 15, that Brundrett did not have actual notice of Northwest's rights to levy maintenance assessments in its argument, Northwest does not, by point of error or

argument, contend that there was no evidence, or insufficient evidence, to support trial court findings 10, 11, 12, 13, 14, or 7. On appeal from a bench trial, an attack on the sufficiency of the evidence should be directed at specific findings of facts, rather than at the judgment as a whole. *Levine v. Maverick Cty. Water Control*, 884 S.W.2d 790, 796 (Tex.App.—San Antonio 1994, writ denied). Although findings of facts are reviewable for legal and factual sufficiency of the evidence to support them, unless the trial court's findings of facts are challenged by a point of error on appeal, they are binding upon the appellate court. *Whitehead v. University of Texas*, 854 S.W.2d 175, 178 (Tex.App.—San Antonio 1993, no writ).

■ In his brief, Brundrett concedes the validity of the Declaration, but, as presented in his counterpoints seven and eight, contends that Northwest failed to obtain fact findings necessary to support the setting and charging of the assessments and late charges. Because we must accept the unchallenged fact findings, and because they support the judgment that Northwest take nothing, our consideration of the merits of Northwest's remaining points is not necessary. Accordingly, based solely upon the record in this appeal and without expressing any opinion as to the legal effect of the Declaration, or the enforceability of assessments by Northwest in other instances, we affirm the judgment of the trial court.

## ON MOTION FOR REHEARING

REAVIS, Justice.

Appellee Warner M. Brundrett filed a motion for rehearing contending that this Court erred by failing to address every issue raised and necessary to the final disposition of this appeal, as required by Rule 47.1 of the Texas Rules of Appellate Procedure (former Rule 90(a)),[1] by not responding to his cross points. Remaining convinced that our disposition of the appeal obviated the necessity for discussion of Brundrett's cross points, Brundrett's

---

**2.** Some of the findings and conclusions may have constituted findings of mixed questions of law and fact.

**1.** Because this appeal was perfected before September 1, 1997, all references to the Texas Rules of Appellate Procedure are to the rules as they existed prior to that date.

motion for rehearing will be overruled with these additional comments regarding his counterclaim.

In his motion for rehearing, Brundrett raises two issues alleging error. By his first issue, he asserts this Court erred in failing to dispose of the cross points raised in his cross appeal. By his second issue, Brundrett contends this Court erroneously failed to reverse that portion of the judgment dismissing his counterclaim and failing to remand the counterclaim to the trial court for further proceedings. We do not agree.

Proceeding pro se, notwithstanding article 1396–7.01 of the Texas Non–Profit Corporation Act,[2] which authorizes a designated district court to entertain an action seeking involuntary dissolution of a non-profit corporation when filed by the attorney general, Brundrett filed a counterclaim seeking dissolution of Northwest. By order signed April 8, 1996, the trial court denied Northwest's special exception to the counterclaim for failure to state a cause of action, but dismissed Brundrett's counterclaim seeking judicial dissolution for lack of subject matter jurisdiction. Thereafter, being represented by counsel, Brundrett filed an amended counterclaim seeking judicial dissolution of Northwest and the appointment of a receiver for Northwest.

Brundrett's two cross points assert error regarding the April 8, 1996 order dismissing his original counterclaim. However, the cross points do not present any error regarding Brundrett's amended counterclaim which was filed subsequent to the April 8, 1996 order. Although Brundrett's brief makes reference to the record where the error complained of is to be found, that reference is to the April 8, 1996 order. The brief does not make reference to any order or ruling of the trial court regarding his amended counterclaim as required by Rule 74(d), nor does his brief make reference to the record where he preserved his complaint of any trial court ruling regarding his amended counterclaim. *See* Tex.R.App. P. 52(a).

In order to complain on appeal of part of a judgment by cross point, Brundrett was required to except to the judgment, file a motion for new trial, or in some other appropriate manner indicate to the trial court any dissatisfaction he had with the judgment as rendered. *Hart v. Berko, Inc.*, 881 S.W.2d 502, 512 (Tex.App.—El Paso 1994, writ denied). The judgment signed on March 27, 1997, makes reference to the order of April 8, 1996, but does not contain a ruling regarding the amended counterclaim, which was filed after April 8, 1996. Further, Brundrett's Notice of Limitation of Appeal and his Amended Notice of Limitation of Appeal address only the April 8, 1996 order dismissing his original counterclaim but do not give notice of limitation of appeal regarding any ruling by the trial court on his amended counterclaim as required by Rule 40(a)(4).

Moreover, because an amended pleading supersedes the original pleading, *Jauregui v. Jones*, 695 S.W.2d 258, 261 (Tex.App.—San Antonio 1985, writ ref'd n.r.e.), when Brundrett filed his amended counterclaim he abandoned his original counterclaim. *See also Gage v. Langford*, 615 S.W.2d 934, 940 (Tex.Civ.App.—Eastland 1981, writ ref'd n.r.e.). Also, when Brundrett filed his amended counterclaim after the trial court denied his original counterclaim by the April 8, 1996 order, he thereby waived any error in the trial court's ruling as to his former pleading. *Dodson v. Citizens State Bank of Dalhart*, 701 S.W.2d 89, 95 (Tex.App.—Amarillo 1986, writ ref'd n.r.e.); *Town of Port Acres v. City of Port Arthur*, 340 S.W.2d 325 (Tex.Civ.App.—Beaumont 1960, writ ref'd n.r.e.). Because both cross points raised by Brundrett present nothing for review, they are overruled. Accordingly, Brundrett's First Motion for Rehearing is overruled.

---

2. Tex.Rev.Civ. Stat. Ann. art. 1396–7.01 (Vernon 1997).