NO. 07-04-0268-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 18, 2005

_____

IN THE INTEREST OF L.R.B., A CHILD

_____

FROM THE 31ST DISTRICT COURT OF HEMPHILL COUNTY;

NO. 6233; HONORABLE PHIL N. VANDERPOOL, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

This is an appeal from an order following a bench trial terminating the parent-child relationship between L.R.B., a minor child, and his mother Caryn Brown. Presenting nine points of error, Brown contends the trial court erred in (1) denying her objection to exclude evidence for failure to comply with discovery requests, (2) admitting evidence that should have been disclosed per discovery requests, (3) admitting a certified copy of the judgment placing Brown on deferred adjudication, (4) admitting a certified copy of Redwood Toxicology Laboratory Report, (5) admitting a certified copy of the motion to proceed with

adjudication of guilty for injury to a child, (6) terminating the parental rights because the Department failed to attempt family reunification in violation of its policies, (7) admitting a certified copy of her adjudication of guilty, (8) terminating parental rights in that the evidence was insufficient, and (9) failing to comply with section 263.405(d) of the Texas Family Code. We affirm.

By its petition for protection of a child, for conservatorship, and for termination in suit affecting the parent-child relationship, the Texas Department of Family and Protective Services, among other reasons, alleging grounds set forth in section 161.001(1)(D), (E), (B), (C), (F), (L), and (Q) of the Family Code, sought to terminate Brown's parental rights. Following a bench trial, the trial court found that Brown had committed acts constituting violations of section 161.001(1)(D), (E), (L), (P), and (Q) and that it would be in the best interest of L.R.B. if the parental relationship was terminated. Pursuant to Brown's request, the trial court made findings of fact and conclusions of law consistent with the order of termination.

Review of Termination Proceedings

The natural right existing between parents and their children is of constitutional dimension. Holick v. Smith, 685 S.W.2d 18, 20 (Tex. 1985). Consequently, termination proceedings must be strictly scrutinized. In re G.M., 596 S.W.2d 846, 846 (Tex. 1980). However, while parental rights are of constitutional magnitude, they are not absolute. In re C.H., 89 S.W.3d 17, 26 (Tex. 2002). Just as it is imperative for courts to recognize the

2

constitutional underpinnings of the parent-child relationship, it is also essential that emotional and physical interests of the child not be sacrificed merely to preserve that right. *Id.* A termination decree is complete, final, irrevocable, and divests for all time that natural right as well as all legal rights, privileges, duties, and powers with respect to each other except for the child's right to inherit. *Holick*, 685 S.W.2d at 20. In proceedings to terminate the parent-child relationship under section 161.001 of the Family Code, the petitioner must establish one or more acts or omissions enumerated under subsection (1) of the statute, and must additionally prove that termination of the parent-child relationship is in the best interest of the child. Holley v. Adams, 544 S.W.2d 367, 370 (Tex. 1976). Though the same evidence may be probative of both issues, both elements must be established and proof of one element does not relieve the petitioner of the burden of proving the other. *See id.*; *In re C.H.*, 89 S.W.3d at 28.

## Standard of Review

Findings of fact in a bench trial have the same force as a jury's verdict upon jury questions. City of Clute v. City of Lake Jackson, 559 S.W.2d 391, 395 (Tex.Civ.App.--Houston [14th Dist.] 1977, writ ref'd n.r.e.). However, findings of fact are not conclusive when a complete statement of facts appears in the record, if the contrary is established as a matter of law, or if there is no evidence to support the findings. Middleton v. Kawasaki Steel Corp., 687 S.W.2d 42, 44 (Tex.App.--Houston [14th Dist.] 1985), *writ ref'd n.r.e.,* 699 S.W.2d 199 (Tex. 1985) (per curiam). When the trial court acts primarily as a fact finder,

the findings are reviewable for legal and factual sufficiency under the same standards that are applied in reviewing evidence supporting a jury's answer. Zieben v. Platt, 786 S.W.2d 797, 799 (Tex.App.--Houston [14th Dist.] 1990, no writ). *See also* W. Wendell Hall, *Standards of Review in Texas*, 34 ST. MARY'S L.J. 1, 183 (2002).

Although findings of fact are reviewable for legal and factual sufficiency, an attack on the sufficiency of the evidence must be directed at specific findings of fact rather than at the judgment as a whole. In re M.W., 959 S.W.2d 661, 664 (Tex.App.--Tyler 1997, no pet.). The rule has often been otherwise stated that if the trial court's findings of fact are not challenged by a point of error on appeal, they are binding upon the appellate court. Northwest Park Homeowners Ass'n, Inc. v. Brundrett, 970 S.W.2d 700, 704 (Tex.App.--Amarillo 1998, pet. denied); Carter v. Carter, 736 S.W.2d 775, 777 (Tex.App.--Houston [14th Dist.] 1987, no writ). However, a challenge to an unidentified finding of fact may be sufficient for review if it is included in the argument of the issue or point, or if after giving consideration to the nature of the case, the underlying applicable legal theories, and the findings of fact provided, the specific finding(s) of fact which the appellant challenges can be fairly determined from the argument. *See* Holley v. Watts, 629 S.W.2d 694, 696 (Tex. 1982) (citing Calvert, "No Evidence" and "Insufficient Evidence" Points of Error, 38 Tex. L. Rev. 361 (1960).

## Sufficiency of Evidence

Considering Brown's issues in logical rather than numerical order, we first consider her eighth point of error by which she contends the trial court erred in terminating her parental rights because the evidence was insufficient. We disagree.

Upon Brown's request, the trial court made five findings of fact, any one of which would support its order of termination under Richardson v. Green, 677 S.W.2d 497, 499 (Tex. 1984), and a separate finding that termination of the parent-child relationship would be in the best interest of L.R.B. However, Brown's challenge to the sufficiency of the evidence is not directed at specific findings of fact. *See In re M.W*, 959 S.W.2d at 664, and *Northwest Park Homeowners Ass'n Inc.*, 970 S.W.2d at 704. Accordingly, point of error eight is overruled.

## No Reversible Error in Admitting Evidence

By points one, two, three, four, five, and seven, Brown alleges error by the trial court in admitting a variety of evidence on hearsay and other grounds. Where, as here, the case was tried without a jury, we generally assume that the trial court disregarded any incompetent evidence, and the admission of any incompetent evidence will generally not require reversal of the judgment where there is competent evidence to authorize its rendition. *See* Williford v. Submergible Cable Services, Inc., 895 S.W.2d 379, 388 (Tex.App.--Amarillo 1994, no writ).

5

On May 28, 2002, Brown was incarcerated on a conviction for injury to a child for injuring her first child. At the time of trial, Brown was incarcerated. During her testimony, among other things, she admitted:

- she tested positive for use of methamphetamine while on probation;
- she did not maintain contact with her probation officer and was delinquent in payment of fees;
- she had an addiction and used the drug until she got pregnant;
- L.R.B. was born in John Sealy Hospital while she was in prison and that at the time of trial she had not seen L.R.B.;
- when her first son was born, he tested positive for marijuana and had marijuana in his system when he died;
- she pleaded guilty to injury to a child for "intentionally or knowingly teaching [Brendan] to smoke and inhale the drug marijuana"; and
- she was serving a five year sentence.

Because the admissions of Brown constitute other competent evidence to support one or more of the grounds asserted for the trial court's termination order, we find nothing to prevent the application of the presumption that the trial court disregarded any inadmissible evidence. Points of error one, two, three, four, five, and seven are overruled.

Reunification Efforts

By her sixth contention, Brown argues that termination of her parental rights was erroneous because the Department did not attempt family reunification in violation of the its policies. We disagree.

6

Brown cites no case or statute supporting her contention, and we have found none. Even if it is presumed that the best interest of the child will be served by preserving the parent-child relationship, a question we do not decide, a separate consideration of alternatives to termination is not required. *See* Edwards v. Dept. of Protective Servs., 946 S.W.2d 130, 139 (Tex.App.--El Paso 1997, no pet.). Point of error six is overruled.

## Section 263.405 Hearing

By her ninth point, without citation of authority, Brown contends the trial court erred when it failed to comply with section 263.405(d). We disagree. The statute provides that the trial court shall hold a hearing to determine whether:

(1)     a new trial should be granted;
(2)     a party's claim of indigence, if any, should be sustained; and
(3)     the appeal is frivolous . . . .

Tex. Fam. Code Ann. § 263.405(d) (Vernon 2002). Here, however, Brown did not file a motion for new trial, Brown's affidavit of indigence was not challenged, and the Department did not contend the appeal was frivolous. Brown makes no showing that the trial court committed reversible error by failing to hold a hearing under those circumstances. Tex. R. App. P. 44.1.    Point of error nine is overruled.

Accordingly, the judgment of the trial court is affirmed.

Per Curiam

Johnson, C.J., not participating.

7