IN THE INTEREST OF LRB, A CHILD



NO. 07-04-0268-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



MAY 18, 2005



______________________________




IN THE INTEREST OF L.R.B., A CHILD



_________________________________



FROM THE 31ST DISTRICT COURT OF HEMPHILL COUNTY;



NO. 6233; HONORABLE PHIL N. VANDERPOOL, JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.



MEMORANDUM OPINION




 This is an appeal from an order following a bench trial terminating the parent-child
relationship between L.R.B., a minor child, and his mother Caryn Brown. Presenting nine
points of error, Brown contends the trial court erred in (1) denying her objection to exclude
evidence for failure to comply with discovery requests, (2) admitting evidence that should
have been disclosed per discovery requests, (3) admitting a certified copy of the judgment
placing Brown on deferred adjudication, (4) admitting a certified copy of Redwood
Toxicology Laboratory Report, (5) admitting a certified copy of the motion to proceed with
adjudication of guilty for injury to a child, (6) terminating the parental rights because the
Department failed to attempt family reunification in violation of its policies, (7) admitting a
certified copy of her adjudication of guilty, (8) terminating parental rights in that the
evidence was insufficient, and (9) failing to comply with section 263.405(d) of the Texas
Family Code. We affirm.

 By its petition for protection of a child, for conservatorship, and for termination in suit
affecting the parent-child relationship, the Texas Department of Family and Protective
Services, among other reasons, alleging grounds set forth in section 161.001(1)(D), (E),
(B), (C), (F), (L), and (Q) of the Family Code, sought to terminate Brown's parental rights.
Following a bench trial, the trial court found that Brown had committed acts constituting
violations of section 161.001(1)(D), (E), (L), (P), and (Q) and that it would be in the best
interest of L.R.B. if the parental relationship was terminated. Pursuant to Brown's request,
the trial court made findings of fact and conclusions of law consistent with the order of
termination.

Review of Termination Proceedings


 The natural right existing between parents and their children is of constitutional
dimension. Holick v. Smith, 685 S.W.2d 18, 20 (Tex. 1985). Consequently, termination
proceedings must be strictly scrutinized. In re G.M., 596 S.W.2d 846, 846 (Tex. 1980). 
However, while parental rights are of constitutional magnitude, they are not absolute. In
re C.H., 89 S.W.3d 17, 26 (Tex. 2002). Just as it is imperative for courts to recognize the
constitutional underpinnings of the parent-child relationship, it is also essential that
emotional and physical interests of the child not be sacrificed merely to preserve that right. 
Id. A termination decree is complete, final, irrevocable, and divests for all time that natural
right as well as all legal rights, privileges, duties, and powers with respect to each other
except for the child's right to inherit. Holick, 685 S.W.2d at 20. In proceedings to terminate
the parent-child relationship under section 161.001 of the Family Code, the petitioner must
establish one or more acts or omissions enumerated under subsection (1) of the statute,
and must additionally prove that termination of the parent-child relationship is in the best
interest of the child. Holley v. Adams, 544 S.W.2d 367, 370 (Tex. 1976). Though the same
evidence may be probative of both issues, both elements must be established and proof
of one element does not relieve the petitioner of the burden of proving the other. See id.;
In re C.H., 89 S.W.3d at 28. 

 Standard of Review


 Findings of fact in a bench trial have the same force as a jury's verdict upon jury
questions. City of Clute v. City of Lake Jackson, 559 S.W.2d 391, 395 (Tex.Civ.App.--Houston [14th Dist.] 1977, writ ref'd n.r.e.). However, findings of fact are not conclusive
when a complete statement of facts appears in the record, if the contrary is established as
a matter of law, or if there is no evidence to support the findings. Middleton v. Kawasaki
Steel Corp., 687 S.W.2d 42, 44 (Tex.App.--Houston [14th Dist.] 1985), writ ref'd n.r.e., 699
S.W.2d 199 (Tex. 1985) (per curiam). When the trial court acts primarily as a fact finder,
the findings are reviewable for legal and factual sufficiency under the same standards that
are applied in reviewing evidence supporting a jury's answer. Zieben v. Platt, 786 S.W.2d
797, 799 (Tex.App.--Houston [14th Dist.] 1990, no writ). See also W. Wendell Hall,
Standards of Review in Texas, 34 St. Mary's L.J. 1, 183 (2002). 

 Although findings of fact are reviewable for legal and factual sufficiency, an attack
on the sufficiency of the evidence must be directed at specific findings of fact rather than
at the judgment as a whole. In re M.W., 959 S.W.2d 661, 664 (Tex.App.--Tyler 1997, no
pet.). The rule has often been otherwise stated that if the trial court's findings of fact are
not challenged by a point of error on appeal, they are binding upon the appellate court. 
Northwest Park Homeowners Ass'n, Inc. v. Brundrett, 970 S.W.2d 700, 704 (Tex.App.--Amarillo 1998, pet. denied); Carter v. Carter, 736 S.W.2d 775, 777 (Tex.App.--Houston
[14th Dist.] 1987, no writ). However, a challenge to an unidentified finding of fact may be
sufficient for review if it is included in the argument of the issue or point, or if after giving
consideration to the nature of the case, the underlying applicable legal theories, and the
findings of fact provided, the specific finding(s) of fact which the appellant challenges can
be fairly determined from the argument. See Holley v. Watts, 629 S.W.2d 694, 696 (Tex.
1982) (citing Calvert, "No Evidence" and "Insufficient Evidence" Points of Error, 38 Tex. L.
Rev. 361 (1960). 

Sufficiency of Evidence


 Considering Brown's issues in logical rather than numerical order, we first consider
her eighth point of error by which she contends the trial court erred in terminating her
parental rights because the evidence was insufficient. We disagree.

 Upon Brown's request, the trial court made five findings of fact, any one of which
would support its order of termination under Richardson v. Green, 677 S.W.2d 497, 499
(Tex. 1984), and a separate finding that termination of the parent-child relationship would
be in the best interest of L.R.B. However, Brown's challenge to the sufficiency of the
evidence is not directed at specific findings of fact. See In re M.W, 959 S.W.2d at 664, and
Northwest Park Homeowners Ass'n Inc., 970 S.W.2d at 704. Accordingly, point of error
eight is overruled.

No Reversible Error in Admitting Evidence


 By points one, two, three, four, five, and seven, Brown alleges error by the trial court
in admitting a variety of evidence on hearsay and other grounds. Where, as here, the case
was tried without a jury, we generally assume that the trial court disregarded any
incompetent evidence, and the admission of any incompetent evidence will generally not
require reversal of the judgment where there is competent evidence to authorize its
rendition. See Williford v. Submergible Cable Services, Inc., 895 S.W.2d 379, 388
(Tex.App.--Amarillo 1994, no writ).

 On May 28, 2002, Brown was incarcerated on a conviction for injury to a child for
injuring her first child. At the time of trial, Brown was incarcerated. During her testimony,
among other things, she admitted:


 she tested positive for use of methamphetamine while on probation;
 she did not maintain contact with her probation officer and was
delinquent in payment of fees;
 she had an addiction and used the drug until she got pregnant;
 L.R.B. was born in John Sealy Hospital while she was in prison and
that at the time of trial she had not seen L.R.B.;
 when her first son was born, he tested positive for marijuana and had
marijuana in his system when he died;
 she pleaded guilty to injury to a child for "intentionally or knowingly
teaching [Brendan] to smoke and inhale the drug marijuana"; and
 she was serving a five year sentence.



Because the admissions of Brown constitute other competent evidence to support one or
more of the grounds asserted for the trial court's termination order, we find nothing to
prevent the application of the presumption that the trial court disregarded any inadmissible
evidence. Points of error one, two, three, four, five, and seven are overruled.

Reunification Efforts


 By her sixth contention, Brown argues that termination of her parental rights was
erroneous because the Department did not attempt family reunification in violation of the
its policies. We disagree.

 Brown cites no case or statute supporting her contention, and we have found none.
Even if it is presumed that the best interest of the child will be served by preserving the
parent-child relationship, a question we do not decide, a separate consideration of
alternatives to termination is not required. See Edwards v. Dept. of Protective Servs., 946
S.W.2d 130, 139 (Tex.App.--El Paso 1997, no pet.). Point of error six is overruled.

Section 263.405 Hearing


 By her ninth point, without citation of authority, Brown contends the trial court erred
when it failed to comply with section 263.405(d). We disagree. The statute provides that
the trial court shall hold a hearing to determine whether:


 a new trial should be granted;
 a party's claim of indigence, if any, should be sustained; and
 the appeal is frivolous . . . .



Tex. Fam. Code Ann. § 263.405(d) (Vernon 2002). Here, however, Brown did not file a
motion for new trial, Brown's affidavit of indigence was not challenged, and the Department
did not contend the appeal was frivolous. Brown makes no showing that the trial court
committed reversible error by failing to hold a hearing under those circumstances. Tex. R.
App. P. 44.1. Point of error nine is overruled.

 Accordingly, the judgment of the trial court is affirmed.

 Per Curiam 

Johnson, C.J., not participating.