NO. 07-06-0457-CR


 07-06-0458-CR

 07-06-0459-CR


IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JANUARY 24, 2007


 ______________________________



DUSTIN LEE ALLEN, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;



NO. 49,984-D, 49,985-D, 53,537-D; HONORABLE DON R. EMERSON, JUDGE


_______________________________




Before CAMPBELL and HANCOCK and PIRTLE, JJ.

ON ABATEMENT AND REMAND


 Appellant, Dustin Lee Allen, seeks appeal of his conviction in three cases. We
abate and remand for further proceedings.

 In each case, appellant's notice of appeal was presented to the trial court and
signed by appellant's attorney, Timothy Pirtle. Since that time, our court has had no further
communication from appellant. Appellant has failed to file an adequate docketing
statement as required under Rule 32.2 of the Texas Rules of Appellate Procedure. 
Further, the trial clerk's office and the court reporter have both requested extensions of
time for filing of their respective records citing appellant's failure to make a request for the
record or payment arrangements. (1) See Tex. R. App. P. 34.5(b)(2), 34.6(b)(1), 35.3.

 We now abate this cause and remand it to the 320th District Court of Potter County. 
It is ordered that the judge of said court convene a hearing, after due notice to all parties,
to determine: 

 1) whether appellant desires to prosecute this appeal; 

 2) whether appellant continues to be represented by Timothy Pirtle or whether
counsel for appellant has abandoned the appeal; 

 3) if appellant is not represented by counsel, whether appellant is indigent and,
therefore, is entitled to appointed counsel and a record of the trial court proceedings free
of charge.

 We further direct the trial court to issue findings of fact and conclusions of law
addressing the foregoing subjects. Should the trial court find that appellant desires to
pursue his appeal, is not represented by counsel and is indigent, we then further direct the
court to 1) appoint counsel to assist in the prosecution of the appeal, and 2) issue an order
requiring the preparation of a clerk's record in accordance with Rule 34.5 of the Texas
Rules of Appellate Procedure. The name, address, phone number, fax number, and state
bar number of any counsel who is appointed to represent appellant on appeal must also
be included in the court's findings of fact and conclusions of law. Furthermore, the trial
court shall also cause to be developed 1) a supplemental clerk's record containing the
findings of fact and conclusions of law and all orders of the trial court issued as a result of
its hearing on this matter and 2) a reporter's record transcribing the evidence and
arguments presented at the aforementioned hearing. Additionally, the trial court shall
cause the supplemental records to be filed with the clerk of this court on or before February
26, 2007. Should additional time be needed to perform these tasks, the trial court may
request same on or before February 26, 2007.

 It is so ordered. 


 Per Curiam

1. The court reporter has graciously offered to prepare the reporter's record upon a
request from this Court. Without knowing whether appellant wishes to continue his appeal,
we must decline the reporter's invitation.


same
evidence may be probative of both issues, both elements must be established and proof
of one element does not relieve the petitioner of the burden of proving the other. See id.;
In re C.H., 89 S.W.3d at 28. 

 Standard of Review


 Findings of fact in a bench trial have the same force as a jury's verdict upon jury
questions. City of Clute v. City of Lake Jackson, 559 S.W.2d 391, 395 (Tex.Civ.App.--Houston [14th Dist.] 1977, writ ref'd n.r.e.). However, findings of fact are not conclusive
when a complete statement of facts appears in the record, if the contrary is established as
a matter of law, or if there is no evidence to support the findings. Middleton v. Kawasaki
Steel Corp., 687 S.W.2d 42, 44 (Tex.App.--Houston [14th Dist.] 1985), writ ref'd n.r.e., 699
S.W.2d 199 (Tex. 1985) (per curiam). When the trial court acts primarily as a fact finder,
the findings are reviewable for legal and factual sufficiency under the same standards that
are applied in reviewing evidence supporting a jury's answer. Zieben v. Platt, 786 S.W.2d
797, 799 (Tex.App.--Houston [14th Dist.] 1990, no writ). See also W. Wendell Hall,
Standards of Review in Texas, 34 St. Mary's L.J. 1, 183 (2002). 

 Although findings of fact are reviewable for legal and factual sufficiency, an attack
on the sufficiency of the evidence must be directed at specific findings of fact rather than
at the judgment as a whole. In re M.W., 959 S.W.2d 661, 664 (Tex.App.--Tyler 1997, no
pet.). The rule has often been otherwise stated that if the trial court's findings of fact are
not challenged by a point of error on appeal, they are binding upon the appellate court. 
Northwest Park Homeowners Ass'n, Inc. v. Brundrett, 970 S.W.2d 700, 704 (Tex.App.--Amarillo 1998, pet. denied); Carter v. Carter, 736 S.W.2d 775, 777 (Tex.App.--Houston
[14th Dist.] 1987, no writ). However, a challenge to an unidentified finding of fact may be
sufficient for review if it is included in the argument of the issue or point, or if after giving
consideration to the nature of the case, the underlying applicable legal theories, and the
findings of fact provided, the specific finding(s) of fact which the appellant challenges can
be fairly determined from the argument. See Holley v. Watts, 629 S.W.2d 694, 696 (Tex.
1982) (citing Calvert, "No Evidence" and "Insufficient Evidence" Points of Error, 38 Tex. L.
Rev. 361 (1960). 

Sufficiency of Evidence


 Considering Brown's issues in logical rather than numerical order, we first consider
her eighth point of error by which she contends the trial court erred in terminating her
parental rights because the evidence was insufficient. We disagree.

 Upon Brown's request, the trial court made five findings of fact, any one of which
would support its order of termination under Richardson v. Green, 677 S.W.2d 497, 499
(Tex. 1984), and a separate finding that termination of the parent-child relationship would
be in the best interest of L.R.B. However, Brown's challenge to the sufficiency of the
evidence is not directed at specific findings of fact. See In re M.W, 959 S.W.2d at 664, and
Northwest Park Homeowners Ass'n Inc., 970 S.W.2d at 704. Accordingly, point of error
eight is overruled.

No Reversible Error in Admitting Evidence


 By points one, two, three, four, five, and seven, Brown alleges error by the trial court
in admitting a variety of evidence on hearsay and other grounds. Where, as here, the case
was tried without a jury, we generally assume that the trial court disregarded any
incompetent evidence, and the admission of any incompetent evidence will generally not
require reversal of the judgment where there is competent evidence to authorize its
rendition. See Williford v. Submergible Cable Services, Inc., 895 S.W.2d 379, 388
(Tex.App.--Amarillo 1994, no writ).

 On May 28, 2002, Brown was incarcerated on a conviction for injury to a child for
injuring her first child. At the time of trial, Brown was incarcerated. During her testimony,
among other things, she admitted:


 she tested positive for use of methamphetamine while on probation;
 she did not maintain contact with her probation officer and was
delinquent in payment of fees;
 she had an addiction and used the drug until she got pregnant;
 L.R.B. was born in John Sealy Hospital while she was in prison and
that at the time of trial she had not seen L.R.B.;
 when her first son was born, he tested positive for marijuana and had
marijuana in his system when he died;
 she pleaded guilty to injury to a child for "intentionally or knowingly
teaching [Brendan] to smoke and inhale the drug marijuana"; and
 she was serving a five year sentence.



Because the admissions of Brown constitute other competent evidence to support one or
more of the grounds asserted for the trial court's termination order, we find nothing to
prevent the application of the presumption that the trial court disregarded any inadmissible
evidence. Points of error one, two, three, four, five, and seven are overruled.

Reunification Efforts


 By her sixth contention, Brown argues that termination of her parental rights was
erroneous because the Department did not attempt family reunification in violation of the
its policies. We disagree.

 Brown cites no case or statute supporting her contention, and we have found none.
Even if it is presumed that the best interest of the child will be served by preserving the
parent-child relationship, a question we do not decide, a separate consideration of
alternatives to termination is not required. See Edwards v. Dept. of Protective Servs., 946
S.W.2d 130, 139 (Tex.App.--El Paso 1997, no pet.). Point of error six is overruled.

Section 263.405 Hearing


 By her ninth point, without citation of authority, Brown contends the trial court erred
when it failed to comply with section 263.405(d). We disagree. The statute provides that
the trial court shall hold a hearing to determine whether:


 a new trial should be granted;
 a party's claim of indigence, if any, should be sustained; and
 the appeal is frivolous . . . .



Tex. Fam. Code Ann. § 263.405(d) (Vernon 2002). Here, however, Brown did not file a
motion for new trial, Brown's affidavit of indigence was not challenged, and the Department
did not contend the appeal was frivolous. Brown makes no showing that the trial court
committed reversible error by failing to hold a hearing under those circumstances. Tex. R.
App. P. 44.1. Point of error nine is overruled.

 Accordingly, the judgment of the trial court is affirmed.

 Per Curiam 

Johnson, C.J., not participating.