

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-25-00099-CV

---

OUTLIER DAIRY, LLC AND EMILIO CHAVEZ, INDIVIDUALLY, APPELLANTS

V.

KIRBY-SMITH MACHINERY, INC., APPELLEE

---

On Appeal from the 242nd District Court
Castro County, Texas
Trial Court No. B10979-2309, Honorable Kregg Hukill, Presiding

---

July 30, 2025

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

This appeal arises out of a summary judgment on a contract for services. Appellants, Outlier Dairy, LLC and Emilio Chavez (the "Outlier Parties"), appeal a summary judgment in favor of Appellee, Kirby-Smith Machinery, Inc. ("KSMI"). They complain the trial court erred by: (1) improperly excluding the court's file from evidence; (2) granting summary judgment when genuine issues of material fact existed; and (3)

improperly awarding contingent attorney's fees. We reverse and remand for further proceedings.

## BACKGROUND

In 2017, the Outlier Parties—dairy producers from Hereford, Texas—executed a blanket credit agreement with KSMI for the provision of rental equipment and services. A dispute between the parties arose in 2022 when an air compressor rented by the Outlier Parties stopped working properly. KSMI spent the following year attempting to repair the air compressor, sending the Outlier Parties invoices for each repair as well as rental charges. The Outlier Parties failed to pay the invoices and KSMI filed suit in late 2023 alleging:

- breach of contract;[1]

- breach of a guarantee agreement; and

- quantum meruit.

Initially, the Outlier Parties did not answer, and KSMI received a default judgment. However, the Outlier Parties obtained a new trial due to a defect in service. After resuming the proceedings and completing discovery, KSMI moved for a traditional summary judgment on its claims for breach of contract and breach of a guarantee agreement. It attached to its motion as evidence the invoices owed, certain interrogatory

---

[1] KSMI also alleged a cause of action for a suit on an account. TEX. R. CIV. P. 185. However, "Rule 185 is a rule of procedure and not a rule of substantive law, it cannot be the basis of any cause of action." *Northwest. Park Homeowners Ass'n v. Brundrett*, 970 S.W.2d 700, 702 (Tex. App.—Amarillo 1998, no pet.).

2

responses from the Outlier Parties, and supporting affidavits. The Outlier Parties responded by urging the trial court to take judicial notice of the court's file and arguing there were genuine issues of material fact precluding summary judgment. The Outlier Parties did not attach any evidence to their response. KSMI moved the trial court to exclude from its consideration the court's file and the arguments presented by the Outlier Parties.

The trial court granted KSMI's motions to exclude, and it granted a final summary judgment in favor of KSMI. This appeal followed.

## STANDARD OF REVIEW

We review the trial court's summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005) (citations omitted). When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Id.* The nonmovant has no burden to respond to or present evidence regarding the motion until the movant has carried its burden to conclusively establish the cause of action or defense on which its motion is based. *Mosaic Baybrook One, L.P. v. Simien*, 674 S.W.3d 234, 252 (Tex. 2023) (citations and quotations omitted). On appeal, the movant still bears the burden of showing there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. *Id.*

If the movant initially establishes a right to summary judgment on the issues expressed in the motion, then the burden shifts to the nonmovant to present to the trial court any issues or evidence that would raise a fact issue or otherwise preclude summary

3

judgment.  *Veliz v. Wells Fargo Bank, N.A.*, No. 07-18-00317-CV, 2020 Tex. App. LEXIS 3069, at *7 (Tex. App.—Amarillo Apr. 13, 2020, no pet.) (mem. op.) (citing *Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678–79 (Tex. 1979)).  Evidence is conclusive only if reasonable people could not differ in their conclusions.  *Weekley Homes, LLC v. Paniagua*, 691 S.W.3d 911 (Tex. 2024) (citation and quotations omitted).

We review a trial court's decision to admit or exclude evidence for an abuse of discretion.  *George Fleming & Fleming & Assocs., L.L.P. v. Wilson*, 610 S.W.3d 18, 21 (Tex. 2020) (citing *In re J.P.B.*, 180 S.W.3d 570, 575 (Tex. 2005)).

**ANALYSIS**

**ISSUE TWO—GENUINE ISSUE OF MATERIAL FACT**

We begin with the Outlier Parties' second issue because it offers the greatest relief.  *See* TEX. R. APP. P. 44.1, 47.1; *Bradleys' Elec., Inc. v. Cigna Lloyds Ins. Co.*, 995 S.W.2d 675, 677 (Tex. 1999) ("Generally, when a party presents multiple grounds for reversal of a judgment on appeal, the appellate court should first address those points that would afford the party the greatest relief.").  The Outlier Parties argue the trial court erred in granting summary judgment because genuine issues of material fact exist.  We agree.[2]

KSMI moved for summary judgment based on the following evidence:

---

[2] KSMI argues the Outlier Parties failed to preserve error on this issue by "failing to raise complaints as to the merits of the trial court's rulings[.]"  However, the burden to establish there is no genuine issue of material fact stays with the movant, both at the trial court and on appeal.  *Simien*, 674 S.W.3d at 252.  In other words, it remains KSMI's burden to demonstrate, on the record, there is no genuine issue of material fact entitling it to summary judgment.  *See also* TEX. R. CIV. P. 166a(c).

- copies of invoices allegedly unpaid by the Outlier Parties;

- supporting affidavits; and

- interrogatory responses from the Outlier Parties.

KSMI claimed that, because the Outlier Parties presented no controverting evidence, there was no fact issue. But KSMI's own evidence reveals otherwise. The interrogatories attached to KSMI's motion include the following questions and responses:

> **INTERROGATORY NO. 3:** If You contend You are not liable for any portion of the amounts shown on the Invoices, identify . . . and describe your factual and legal basis for that contention.
>
> **RESPONSE:** . . . Outlier Dairy did not agree to finance charges or taxes on tax exempt items.
>
> ***
>
> **INTERROGATORY NO. 7:** Describe the legal and factual basis for your contention that "Plaintiff has incorrectly calculated the damages it seeks and is not entitled to any damages" as was alleged in Defendant's[sic] Initial Disclosures.
>
> **RESPONSE:** . . . Outlier Dairy did not agree to finance charges or taxes on tax exempt items.

The Outlier Parties also argued in their response to the motion there was an issue regarding the amounts charged and whether all lawful offsets had been applied.[3] They alleged KSMI improperly charged taxes despite the Outlier Parties' tax-exempt status under the agricultural exemptions enumerated in section 151.316 of the Tax Code. TEX. TAX CODE ANN. § 151.316. In reply, KSMI contended the Outlier Parties failed to include

---

[3] The trial court granted KSMI's motion to exclude this argument. However, we simply take this to mean the trial court did not agree with the Outlier Parties' argument, as the nonmovant otherwise has a right to respond to a motion for summary judgment. TEX. R. CIV. P. 166a(c).

a tax-exempt registration number to their response. TEX. TAX. CODE ANN. §151.1551. However, it was KSMI's burden to demonstrate there was no genuine issue of material fact. KSMI submitted no evidence showing the exemption did not apply. *Supra.*

The invoices KSMI submitted show that taxes, and finance charges on those taxes, were included in the amounts billed. On appeal, KSMI retained the burden to show there was no genuine issue of material fact and that it was entitled to judgment as a matter of law. *Mosaic Baybrook One, L.P. v. Simien*, 674 S.W.3d 234, 252 (Tex. 2023). KSMI failed to carry that burden. Because its own evidence reflects uncertainty regarding the amounts owed, an essential element of its breach of contract claim, summary judgment was improper. The Outlier Parties' second issue is sustained.

We reverse the judgment of the trial court and remand this matter for further proceedings. Because our ruling on the Outlier Parties' second issue requires reversal of the trial court's judgment, we do not address their remaining issues. TEX. R. APP. P. 47.1.

## CONCLUSION

The trial court's judgment is reversed, and we remand this matter to the trial court for further proceedings in accordance with this opinion. TEX. R. APP. P. 43.2, 43.3.

Alex Yarbrough
Justice

6